57  517
79a 214

57   517
93a ¹ 55

</div>

# TOLEDO, WABASH & WESTERN RAILWAY Co. *et al.*

### *v.*

# DAVID B. SMITH.

MEASURE OF DAMAGES—*pecuniary ability of the parties.* In an action against two or more to recover for injury to the plaintiff, wherein the plaintiff is entitled to exemplary damages by reason of the conduct of the defendants, which occasioned the injury, being wilful, wanton or malicious,

---

the pecuniary ability of one defendant should not be considered by the jury in determining the damages which a co-defendant shall have assessed against him.

APPEAL from the Circuit Court of Morgan county; the Hon. CHARLES D. HODGES, Judge, presiding.

Mr. WILLIAM H. BARNES, for the appellant.

Messrs. MORRISON & WHITLOCK, for the appellee.

PER CURIAM: In this case the railway company and its conductor were sued for damages for the expulsion of appellee from the train.

Numerous errors have been assigned, both upon the evidence and the instructions. We shall consider only one instruction, for the giving of which the judgment must be reversed.

In the fourth of the series of instructions for appellee, the court informed the jury that in assessing damages against the defendants, it was proper for the jury to consider the ability of the company to pay damages.

The verdict was against both the company and the conductor, and they both prayed an appeal.

There is no proof in the record that Fray, the conductor, owned any property whatever. For aught that appears, he may have been hopelessly insolvent at the time of the trial.

The instruction referred to recognizes the principle that the pecuniary ability of one defendant may be considered by the jury in determining the amount of damages which a co-defendant shall have assessed against him.

The law is not so unjust and unreasonable. Even if the jury were satisfied in regard to the ability of the company, this would not enable them to determine the damages which should be awarded against the conductor. Evidence of the pecuniary ability of a defendant is admissible only in the class

of cases where the injury was wilful, wanton or malicious, and in which punitory damages may be allowed. The reason of the rule which authorizes a jury to take into consideration the pecuniary circumstances of a wrong doer, in fixing the amount of damages, in the class of cases mentioned, is, that a sum which would be a severe punishment to a man of small means, would be little or none to one of great means.

There was no evidence of the pecuniary ability of either of the appellants, and the question of such ability was, therefore, submitted to the jury without evidence. We can not say that this instruction, which was wrong in principle, was not calculated to prejudice appellants, and especially Fray. It would be natural for the jury to assume that the railway company was possessed of great means, simply because it was a railroad company, and nothing appearing to the contrary. But in this they might have been wholly mistaken. This supposititious or assumed wealth on the part of the company was made a basis of punitory damages against Fray, who might not have been worth a dollar.

That some such consideration must have entered into the question of damages, is quite apparent, from the amount of the verdict, which seems, under the circumstances of the case disclosed by the evidence, to have been largely in excess of any actual damages sustained by appellee.

The judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*