ROBERT A. OAKES, Respondent, *vs.* THE MOUND CITY MUTUAL LIFE INSURANCE COMPANY, OF ST. LOUIS, MO., Appellant.

1. *Practice, civil—Supreme Court—Evidence.*—In law cases this court will not weigh the evidence.

### *Appeal from St. Louis Circuit Court.*

*Bland & Baker,* for Appellant.

*Spencer & Hatch,* for Respondent.

The verdict was that of a jury, on evidence properly before them, and this court will not disturb it.

ADAMS, Judge, delivered the opinion of the court.

This was an action on a contract for a year's service as book-keeper, alleged to have been made by the defendant with the plaintiff on the 20th day of January, 1871, for the sum of $2,000.00.

The service had already commenced on the first of January, 1871, when the contract was entered into. The plaintiff alleges that he was wrongfully and without any reasonable cause discharged, against his consent, in August, 1871, and claims damages for the balance of the contract price, asserting, that he was ready and willing to perform the contract on his part, and that he was without employment during the balance of the time.

The defendant justified upon the ground that the plaintiff proved to be wholly incompetent to discharge the duties of a book-keeper, and also denied that there was any contract for a definite term of service.

Each party gave evidence conducing to prove the issues on their respective parts. The court refused all instructions asked by the parties, but on its own motion gave instructions which seem to have fairly presented the case to the jury.

The jury found a verdict for the plaintiff, and a motion for a new trial was overruled and final judgment rendered on the verdict for plaintiff—which was affirmed at General Term, and an appeal taken by the defendant to this court.

There seems to be nothing in this case except a question in

regard to the weight of evidence, and we are asked to review the evidence,—both in regard to whether there was such a contract as was declared on, and as to whether the plaintiff was so incompetent as a book-keeper as to justify the defendant in discharging him.

Without going into the evidence on either point it is sufficient to say that we have examined it, and it seems to be contradictory, and the jury might have found either way ; but the Circuit Court having better opportunity than we can possibly have to sift the evidence, has ratified the finding of the jury, and we see no good reason for violating the well settled practice in this court by overruling this action of the Circuit Court.

Let the judgment be affirmed. Judge Wagner absent, the other Judges concur.