HARVEY REYNOLDS, Respondent, v. J. B. BUFFINGTON, Appellant.

### St. Louis Court of Appeals, April 29, 1898.

1. **Evidence**: PRACTICE, APPELLATE: JURY. It is not for this court to sift the evidence and to draw its own conclusions from it; that was the peculiar province of the jury; they performed that duty to the satisfaction of the trial court, and this court will not interfere with what they have done, and with what the trial court has approved.

*Appeal from the Monroe Circuit Court.*—HON. REUBEN F. ROY, Judge.

AFFIRMED.

F. W. McALLISTER and R. B. BRISTOW for appellant.

A verdict should be the result of deliberate judgment, not a chance or a hazard. Broke v. McGee, 27

Neb. 156.   An arbitrary award is not the fulfillment of their duty as jurors.   Ford v. Taggort, 4 Tex. 492; 28 Am. and Eng. Ency. of Law, p. 281.   It is based upon mere conjecture.   Ascher v. Schaeper, 25 Mo. App. 1; Schnaider Brewing Co. v. Niederweiser, 28 Mo. App. 233; Gerrans v. Wenger Mfg. Co., 51 App. 615; McCarty v. Fagin, 42 Mo. App. 619.   A verdict not supported by substantial evidence will not be upheld.   Horine v. Boue, 69 Mo. App. 481; Hewitt v. Steele, 136 Mo. 337.

No brief furnished for respondent.

BLAND, P. J.—Suit was begun by Reynolds before a justice of the peace on the following account:

"John B. Buffington, in account with Harvey Reynolds, debtor, 1894.

| | |
|---|---|
| July 1.—To 4 months service of minor son, as farm laborer at $18 per month   ...   ..........  ........  ........  .... | $72.00 |
| August 1.—Toll days service of minor son, as farm laborer at 75 cents per day......  ........  ........ ..  ........... | 8.25 |
| September 1.—To 12 days service of minor son cutting brush at 75 cents per day........  ...   . .. .................... | 9.00 |
| September 1.—To one suit men's clothes..................... | 10.00 |
| | $99 25 |
| Balance due ......  ........  ................... $99.25" | |

From a judgment of the justice rendered in the case an appeal was taken to the circuit court.   On a trial *de novo* the defendant at the opening of the trial stated his defense to the jury; his defense was plea of payment to the minor by the consent and direction of the plaintiff; he also filed a counterclaim for $14 worth of corn delivered to plaintiff in March, 1892, and for $5, for cash loaned him in August, 1893.   No instructions were asked or given.   The jury returned a verdict for the plaintiff, assessing his damages at $40.   Defendant in due time filed his motion for new

trial, which was overruled, and he appealed to this court.

Appellant's contention is that the verdict of the jury is against the evidence; that the verdict should have been for him; if not for him then under the evidence it should have been for a greater amount than $40. The evidence as to the payments was conflicting and contradictory. It is not for this court in this kind of a case to sift the evidence and to draw its conclusions from it; that was the peculiar province of the jury; they performed that duty to the satisfaction of the trial court, and we will not interfere with what they have done and that court has approved. We perceive no prejudicial error committed by the trial court in the admission and exclusion of evidence. There is nothing left to review, and we affirm the judgment. All concur.