HENRY SCHAFER, Respondent, v. HENRY OST-MANN, Sr., and WILLIAM OSTMANN, Appellants.

St. Louis Court of Appeals, May 31, 1910.

1. **ASSAULT AND BATTERY: Civil Action: Two Defendants: Concert of Action Prerequisite to Joint Liability: Instructions.** In an action against two defendants for an assault and battery, an instruction as to each defendant, permitting recovery against him alone, whether he acted independently or in concert with his co-defendant, but omitting to inform the jury that a joint verdict could not be given against both defendants unless there was concert of action between them, was erroneous.

2. ——: ——: ——: ——. In cases of willful tort, as assault and battery, there is no joint liability, unless there is concert of action between those who are charged jointly.

3. ——: ——: ——: ——: **Instructions: Error not Cured by Other Instructions.** In an action for assault and battery, instructions permitting recovery against each defendant if he acted independently, and omitting to inform the jury that no joint verdict could be given against both defendants unless there was concert of action between them, were not cured by an instruction that humiliation and disgrace were competent matters to be considered, if caused by the acts of defendants acting independently or in concert, and that if the assault was made by defendants in concert, or either of them, exemplary damages could be allowed, etc., for by this instruction the jury were given to understand that in computing damages it was immaterial whether defendants acted in concert or independently.

4. ——: ——: ——: ——: ——: ——. Nor were said instructions cured by an instruction directing the form of verdict to be returned if it was found that the two defendants acted in concert and maliciously made the assault, there being

nothing in the instruction to inform the jury that in no instance would it be proper for them to allow a joint recovery against defendants in the absence of it appearing they acted in concert.

5. DAMAGES: Exemplary Damages: Allowed When. Exemplary or punitive damages are allowed in actions of tort, accompanied with circumstances of malice, wantonness, etc.

6. EVIDENCE: Tort Actions: Malice and Wantonness Shown: Pecuniary Circumstances of Defendant May be Proved: Damages. In an action of tort, accompanied with circumstances of malice, wantonness, etc., it is competent to show the financial standing of defendant, to the end of meting out a proper punishment.

7. ASSAULT AND BATTERY: Joint Liability: Evidence: Damages: Pecuniary Circumstances of One Defendant not Admissible. In an action for assault and battery against two defendants jointly, evidence of the pecuniary condition of one of the defendants alone is not admissible.

Appeal from Lincoln Circuit Court.—*Hon. James D. Barnett*, Judge.

REVERSED AND REMANDED.

*R. L. Sutton* and *Wm. H. Clopton* for appellants.

(1) The court erred in refusing to instruct the jury that there could be no recovery for punitive damages, for the reason that the petition itself does not allege either malice or wantonness. (2) Plaintiff's instructions numbers 2 and 3 are erroneous in that they authorize a verdict against Henry Ostmann, Sr., without regard as to whether or not he acted in concert with his co-defendant. Instruction number 4 is erroneous in that it authorizes a verdict against defendant, William Ostmann, without regard as to whether or not he acted in concert with his co-defendant. Instruction number 5 is erroneous in that it directs the jury that if they find for the plaintiff, they should award him damages for all injuries suffered by him, caused by the acts of defendants acting independently, or in concert. All of said instructions taken together are erroneous in that, when read together as a whole, they authorize a joint verdict against both the defendants without regard to whether

they acted in concert or not in making the assault. An assault and battery is an intentional wrong, and there cannot be a joint verdict against defendants unless they conspired and co-operated with each other in making the assault. Thomas v. Werremeyer, 34 Mo. App. 668; Barton v. Barton, 119 Mo. App. 531; Leavell v. Leavell, 114 Mo. App. 25; Leavell v. Leavell, 122 Mo. App. 654; Nichols v. Nichols, 147 Mo. 387; Williams v. Sheldon, 10 Wend. 654; Watt v. Ogden, 12 Wend. 39; Weakley v. Roger, 3 Watts 460; Frantz v. Lenhardt, 56 Penn. St. 365; State v. Jones, 83 N. C. 605; Lamb v. People, 96 Ill. 73; Hill v. Combs, 92 Mo. App. 251; Graham v. Ringo, 67 Mo. 326.    (3)    The court erred in admitting evidence of the wealth of the defendant, Henry Ostmann, Sr., and in directing the jury by instruction number 6 that they could take into consideration the pecuniary condition of the parties to the suit in estimating punitive damages. The plaintiff sought and obtained a joint verdict against both defendants, and it was not proper for the jury to be permitted to consider the wealth of one of the defendants as against the other. Plaintiff having voluntarily joined several defendants, he must be held to thereby waive any right to recover punitive damages against both founded upon the ability of one of the defendants to pay them. Leavell v. Leavell, 114 Mo. App. 34; Gas Co. v. Lansden, 172 U. S. 534, 552; Smith v. Wunderleich, 70 Ill. 426; Railroad v. Smith, 57 Ill. 507; McCarthy v. DeArmit, 99 Pa. St. 63; Nichols v. Nichols, 147 Mo. 387.    (4)    Plaintiff's instruction number 5, on the measure of damages, is erroneous in that it directs the jury to find punitive damages against both defendants, if they believed the assault made by one or both of them was maliciously made. This is a clear instruction to the jury to find punitive damages against both defendants in case either one of them acted maliciously, regardless of whether they acted in concert or not. Boutwell v. Marr, 71 Vt. 1; Pardridge v. Brady, 7 Ill. App. 639; Hair v. Little, 28

Schafer v. Ostmann.

Ala. 236; McCarthy v. DeArmit, 99 Pa. St. 63. (5) Plaintiff's instruction number 6 is erroneous in that it commissions the jury to consider the position in society of the parties to the suit, whereas there was no evidence of their position in society. Gessley v. Railroad, 26 Mo. App. 161; Friedman v. Pub. Co., 102 Mo. App. 694; McKeon v. Railroad, 42 Mo. 79; Wasson v. McCook, 70 Mo. App. 397; Beauchamp v. Higgins, 20 Mo. App. 514.

*Theodore Bruere* and *Norton, Avery & Young* for respondent.

NORTONI, J.—This is a suit for damages accrued to plaintiff as a result of an alleged assault and battery made upon him by defendants. Plaintiff recovered and defendants appeal.

The evidence tended to prove that plaintiff was assaulted by defendant Henry Ostmann, Sr., and his son, William Ostmann, in a public road, without just provocation. As a result, plaintiff received a severe beating at the hands of both defendants. The elder Ostmann used his fists and the younger Ostmann a club in inflicting the punishment. It seems a controversy arose first between plaintiff and Henry Ostmann, whereupon Henry Ostmann felled plaintiff to the ground and got upon him. While plaintiff and Henry Ostmann were in this posture, William Ostmann hit plaintiff one or more blows with a club. The jury awarded plaintiff five hundred dollars actual damages and five hundred dollars punitive damages against both defendants.

It is not entirely clear, however, whether this verdict was given on the theory that defendants were joint tortfeasors or on the theory of an independent liability against each for his wrongful conduct in the premises. The instructions given by the court at the instance of plaintiff in no just sense required the jury to find that defendants acted in concert, but, on the contrary, confused the issue with respect to this matter. By instruction number 3 for plaintiff, the court permitted a re-

covery against defendant Henry Ostmann alone even though he acted independently and without concert with his co-defendant William Ostmann. The instruction referred to substantially directed the jury that if it found Henry Ostmann assaulted and beat plaintiff without cause therefor, "then the jury will find a verdict against the defendant, Henry, irrespective of whether he did or did not act in concert with defendant, William, and assess such damages," etc.

Instruction number 4 for plaintiff substantially directed the jury that a verdict might be returned for plaintiff against defendant, William Ostmann, if it appeared he assaulted and beat plaintiff without just cause, even though the jury believed he did or did not act in concert with defendant, Henry Ostmann. We believe those instructions were erroneous in the form given, for they omitted to inform the jury that in no sense could a joint verdict be given against both defendants unless there was concert of action between them. The theory of these instructions is that each defendant is liable to respond individually to plaintiff for his wrongful conduct in the premises notwithstanding there may have been no co-operation between the Ostmanns and no concert of action on their part. No doubt the doctrine is sound enough, if perchance the finding was against one only, but to authorize a joint recovery as was had here, the jury must find as a fact that there was concert of action between the defendants. For intentional torts committed independently by different tortfeasors impose no joint liability even though their combined influence may result in an injury to the plaintiff. [Barton v. Barton, 119 Mo. App. 507, 531, 94 S. W. 574; Kinkead on Torts, secs. 44, 45, 46.] The essential fact to joint liability in cases of willful tort is that there must be co-operation between the tortfeasors. In other words, unless there is concert of action between those who are charged jointly with an unlawful assault, there can be no joint liability to respond in damages for the tres-

pass. In this respect the theory of liability is to be distinguished from that which obtains with respect to joint tortfeasors in the law of negligence. [Kinkead on Torts, secs. 40 to 46, inclusive; Barton v. Barton, 119 Mo. App. 507, 531, 94 S. W. 574; 1 Cooley on Torts (3 Ed.), 223 to 232.]

For the reasons given, instructions permitting a joint recovery of damages against several defendants for a wrongful assault without requiring a finding to the effect that defendants acted in concert and co-operated with each other in inflicting the injuries upon plaintiff have heretofore been condemned by this court. See Thomas v. Werremeyer, 34 Mo. App. 665. But it is said by plaintiff that other instructions given by the court sufficiently apprised the jury that no joint recovery could be had unless it was found as a fact that defendants acted in concert. We are not so persuaded. Instead of elucidating the matter, plaintiff's instruction number 5 confused it highly. That instruction purports to enlighten the jury on the several elements of damages to be considered provided the issues were found for plaintiff. Among other things, it directed that the humiliation and disgrace caused plaintiff might be considered, etc. It said such humiliation and disgrace were competent matters to be considered by the jury if caused by the acts of defendants acting independently or in concert. Furthermore, the same instruction informed the jury that if it found the assault was made by the defendants in concert or by either of them maliciously, exemplary damages could be allowed, etc. Instead of alleviating the error of instructions 3 and 4, referred to in reference to concert of action, instruction number 5 seems to accentuate it, for by this the jury were given to understand that in computing the damages it was quite immaterial as to whether or not defendants acted in concert or independently. Another instruction for plaintiff, 10A, directs the form of the verdict to be returned if it be found the two defendants acted in con-

cert and maliciously made the assault, etc.    There is certainly nothing in this instruction which may be regarded as sufficient to inform the jury that in no instance would it be competent for them to allow a joint recovery against defendants in the absence of it appearing that they acted in concert.    The point against the instructions is that they authorized the jury to find a verdict against either of the defendants for his own wrong irrespective of the matter as to whether or not they acted in concert and omitted to enjoin in plain terms that a joint recovery could not be allowed unless there was concert and co-operation on the part of defendants.    This error was fundamental, for concert of action is the essential fact to joint liability for intentional tort.

By the verdict, it appears the jury were of opinion plaintiff should be recompensed by the two defendants to the extent of five hundred dollars for actual and five hundred dollars for punitive damages.    It may be they concluded to award the amount of two hundred and fifty dollars actual and two hundred and fifty dollars punitive damages against the separate defendants on account of the individual wrong of each, as indicated in the instructions commented on, and thus formulated their award of one thousand dollars, all in one verdict. This is not just, however, unless the defendants acted in concert, for under such circumstances one defendant ought not to be required to respond for the entire amount if the other is not able to pay.    The rule that one person engaged in an assault is not liable for the acts of another engaged in the same assault unless there is concert of action obtains throughout both the civil and criminal law and is universally enforced.    See State v. Meyers, 174 Mo. 352, 74 S. W. 862.

That exemplary or punitive damages are allowed in actions of tort accompanied with circumstances of malice, wantonness, etc., is beyond question, and in such cases it is competent to show the financial standing of

the defendant to the end of meting out a proper punishment. [Buckley v. Knapp, 48 Mo. 152; Hartpence v. Rogers, 143 Mo. 623, 45 S. W. 650.]

In support of his prayer for punitive damages, plaintiff introduced evidence, over the objection and exception of defendants, tending to prove that defendant, Henry Ostmann, was possessed of as much as forty thousand dollars worth of property in St. Charles county. If this suit were a proceeding against Henry Ostmann alone, the evidence referred to would be entirely competent; but it is not so in view of the fact that there are two defendants, for it is highly unjust that the recovery against both shall be expanded because of the wealth of one only. Punitive damages are such as are allowed beyond and above the amount of which a plaintiff has really suffered and they are awarded upon the theory that they are a punishment to the defendant and not a mere matter of compensation for injuries sustained by the plaintiff. While both of the defendants in this case are liable for compensatory damages, it is highly unjust to mulct William Ostmann by inflating the verdict against him because of the wealth of his co-defendant, Henry. On this question the Supreme Court of the United States has said:

"As the verdict must be for one sum against all defendants who are guilty, it seems to be plain that when the plaintiff voluntarily joins several parties as defendants, he must be held to thereby waive any right to recover punitive damages against all, founded upon evidence of the ability of one of the several defendants to pay them. This rule does not prevent the recovery of punitive damages in all cases where several defendants are joined. What the true rule is in such case is not perhaps certain. [7 Ill. App. 639; 99 Penn. St. 63.] But we have no doubt it prevents evidence regarding the wealth of one of the defendants as a foundation for computing or determining the amount of such damages

against all." See Washington Gas Light Co. v. Lansden, 172 U. S. 534, 553.

While it is entirely clear that the evidence tends to prove a case for punitive damages against both of the present defendants, it is equally clear that so much of such damages as are predicated on the wealth and financial standing of Henry Ostmann ought not to be allowed jointly against him and his co-defendant. See the following authorities in point: Leavell v. Leavell, 114 Mo. App. 24, 89 S. W. 55; Smith v. Wunderlich, 70 Ill. 426; Toledo Wabash, etc., Ry. Co. v. Smith, 57 Ill. 517; McCarthy v. DeArmit, 99 Penn. St. 63.

The judgment should be reversed and the cause remanded. It is so ordered. All concur.