McALLISTER, Respondent, vs. KIMBERLY–CLARK COMPANY and another, imp., Appellants.

*May 1—June 25, 1919.*

*Malicious prosecution: Evidence of plaintiff's good character and of wealth of joint defendants: Want of probable cause: Question for jury.*

1. In an action for malicious prosecution, an admission of one of the defendants that up to the time of plaintiff's arrest upon a charge of theft he had known him as an honest man is material for the jury to consider.
2. Evidence that there was trouble between the parties, that plaintiff had been known as an honest man, and that the stolen goods had been found at a shanty used by plaintiff and others before plaintiff arrived there, is *held* to take to the jury the issue of want of probable cause.
3. In an action against more than one defendant for malicious prosecution, evidence of the wealth of the several defendants is inadmissible, though punitory damages may be assessed and though such evidence would be admissible if there were only one defendant.

APPEAL from a judgment of the circuit court for Marinette county: W. B. QUINLAN, Circuit Judge. *Reversed.*

The plaintiff and three others were arrested upon the charge of having stolen a certain piece of tarpaulin belonging to the defendant *Kimberly–Clark Company* at its plant in the village of Niagara, Marinette county. Upon the hearing before the justice two of the defendants so charged

pleaded guilty, and the case was then dismissed as to plaintiff and the other defendant at the suggestion of the justice of the peace. The complaint was sworn to by the defendant *Stridde,* who was resident superintendent at Niagara for the *Kimberly–Clark Company* and acted herein on its own behalf. The defendant Max Gaber served the warrant in such proceeding, but on the trial the case was dismissed as to him.

The plaintiff alleges one cause of action for malicious prosecution and another for false imprisonment, both based upon the same transaction. The jury found against both defendants for each cause of action and assessed in each damages of $1,000 compensatory and $500 punitory, respectively.

Subsequent to verdict the plaintiff withdrew his claim on account of the alleged false imprisonment, and judgment was entered for the compensatory and the punitory damages assessed for the malicious prosecution. From such judgment the defendants appealed.

For the appellants there were briefs by *Hooper & Hooper* of Oshkosh, and oral argument by *Moses Hooper.*

For the respondent there was a brief by *Martin, Martin & Martin,* and oral argument by *Gerald F. Clifford,* all of Green Bay.

Eschweiler, J. Defendants set up as a defense that at the time of the swearing to the complaint before the justice of the peace upon which the criminal proceedings were prosecuted the defendants had probable cause to believe and did honestly believe that the plaintiff was guilty of the crime charged in such complaint. They insist that, there being no substantial dispute upon the facts, so far at least as they relate to such defense, there was such a situation presented as properly required the trial court, and now this court, to say that such defense was sustained as a matter of law.

The defendant *Stridde* frankly admitted on the trial that up to the time of the arrest in question he had known the

plaintiff as an honorable, honest man.   This was material for the jury to consider.   *Woodworth v. Mills,* 61 Wis. 44, 57, 20 N. W. 728.   Plaintiff had been president of the village in which the defendant company's plant was located, and differences had arisen and apparently considerable feeling engendered out of questions arising from the administration of the village affairs.   The property alleged to have been stolen was found covering the roof of the hunting shanty used by the party of four charged with the theft, but the testimony disclosed that it had been taken out there and placed on the roof before the plaintiff arrived.   Without further detailing the evidence, we think the situation disclosed in the record herein was such that the court below was justified in submitting the question to the jury for them to determine whether or not there was a want of probable cause. *Eggett v. Allen,* 119 Wis. 625, 629, 96 N. W. 803; *Haas v. Powers,* 130 Wis. 406, 410, 110 N. W. 205.

With the determination of the jury that there was a want of probable cause and with the amount assessed by them as compensatory damages we cannot interfere.

The defendants also urge as ground for their objection to the judgment that the court below admitted, over objection, testimony as to the wealth or financial standing of each of the two appealing defendants.

The rule is well established that in an action against a defendant wherein exemplary damages may be properly awarded the plaintiff may show pecuniary ability of such defendant to pay a substantial sum as a proper element for the consideration of the jury in assessing the amount thereof. *Brown v. Swineford,* 44 Wis. 282, 291.   Plaintiff here, however, having an option to sue one or more of the joint tort-feasors concerned in this transaction, has elected to sue more than one.   Having so elected, whatever judgment is to be entered in such action must be entered as against all of such defendants found liable.   Such defendants necessarily stand on the same footing so far as compensatory damages are con-

cerned, but when, for the purpose of enhancing what may be given by the jury for punitory damages, evidence is offered as to the financial ability of the one, it cannot but affect the amount of punitory damages to be recovered against the others, for these also must be assessed against all or none. There is no provision of the statute by which the amount of punitory damages may be assessed separately against the several defendants, and we have no inclination, even if we had the power so to do, to establish by decision any such innovation in favor of this element of damage.    Where, as here, the financial ability of the several defendants is different, as manifestly it would be in the vast majority of cases, a number of authorities have held the admission of such evidence as against the one to be prejudicial error against the other, and we adopt that view.    *Washington G. L. Co. v. Lansden,* 172 U. S. 534, 553, 19 Sup. Ct. 296; *Schafer v. Ostmann,* 148 Mo. App. 644, 651, 129 S. W. 63; *Stansberry v. Mc-Dowell* (Mo. App.) 186 S. W. 757, 762; *Strand v. Griffith,* 109 Fed. 597, 600; *Smith v. Wunderlich,* 70 Ill. 426, 437; *Chicago City R. Co. v. Henry,* 62 Ill. 142, 145; *Toledo, W. & W. R. Co. v. Smith,* 57 Ill. 517, 519; 13 Cyc. 212.

That evidence was received in this case as to the wealth of the two defendants and was not confined to that of one alone, as was the situation in the cases above cited, does not make the rule any the less applicable.

This requires a reversal of the judgment as a whole; but as we find no error so far as the question of compensatory damages is concerned, we deem it best to permit the plaintiff to have judgment upon the verdict for compensatory damages upon his filing his option so to do within twenty days after the return of the record to the court below, and in his default of so electing that then only a new trial shall be granted the defendants.

*By the Court.*—Judgment reversed, and the cause remanded with directions to permit the plaintiff to take judgment for the amount of the compensatory damages of $1,000

against the defendants, with interest on such amount from the entry of the verdict and with the costs as taxed in the circuit court. On default of such election the defendants to have a new trial.