OGODZISKI, Respondent, vs. GARA and others, Appellants.

*January 14—February 8, 1921.*

*Assault and battery: Damages: Punitive damages in actions to enforce a joint liability: Instructions.*

1. In an action to enforce a joint liability for assault against two or more defendants, testimony as to the wealth of one is inadmissible as affecting the amount of punitory damages assessed against all.

2. In a woman's action for assault and battery committed by the pastor of the church in which plaintiff's husband was organist, an instruction that plaintiff was entitled to recover such damages as would compensate her for physical pain and mental suffering endured in the past and which "she *may* have to endure in the future" was erroneous, and should have been "which she is *reasonably certain* to endure in the future."

3. The expression in the charge, "You must be satisfied to a reasonable *extent*," should have been, "You must be satisfied to a reasonable *certainty*." The charge "She is *entitled* to damages for the indignity," referring to punitory damages, should have been, "You *may* assess damages for the indignity," etc.; and the expression, "The amount of such damages [punitory] is *governed* by the wealth of the party," should have been, "The wealth of the party is an element to be considered in assessing punitory damages."

APPEAL from a judgment of the county court of Trempealeau county: HANS A. ANDERSON, Judge. *Reversed.*

Action to recover damages for an alleged assault growing out of the same acts complained of in the case of the husband, Adam Ogodziski, against the same defendants, decided herewith (*ante,* p. 371, 181 N. W. 227). In this case the jury returned a verdict assessing plaintiff's compensatory damages at $4,000 and her punitory damages at $4,000. From a judgment for the above sums and costs entered in favor of the plaintiff the defendants appealed.

*Jesse E. Higbee* of La Crosse, of counsel, and *John Kulig* of Independence and *Ole J. Eggum* of Whitehall, attorneys, for the appellants.

For the respondent there was a brief by *Cowie & Hale* of La Crosse and *John A. Markham* of Independence, and oral argument by *Mr. R. S. Cowie, Mr. Quincy H. Hale,* and *Mr. Markham.*

VINJE, J. The principal questions raised by the appeal herein are also raised in the case of the husband against the same defendants (*ante,* p. 371, 181 N. W. 227), and their treatment in that case by the Chief Justice will be considered applicable to this case.

Since the jury in this case found punitory damages it will become necessary to consider defendants' claim that it was error to receive testimony as to their wealth. We have recently had occasion to hold that in the case of two or more defendants the reception of such testimony is error on the ground that evidence as to the financial ability of one affects the amount of punitory damages assessed against all, and hence, since each one is liable for the whole judgment, he may be unjustly mulcted in damages because of the wealth of a codefendant, though he himself may be a poor man. See *McAllister v. Kimberly-Clark Co.* 169 Wis. 473, 476, 173 N. W. 216, and cases cited. We see no reason to change the rule there adopted. The reception of such testimony was prejudicial error.

Since there must be a new trial in this case also for reasons

stated in the case of the husband, we deem it proper to briefly refer to some errors in the charge to the jury to the end that they may not recur in the next trial if one be had. The court instructed the jury: "She is entitled to recover such damages as will compensate for the physical pain and mental suffering she has endured in the past and which she *may* have to endure in the future." This should have been, which she is *reasonably certain* to endure in the future. The expression "you must be satisfied to a reasonable *extent*" should have been, you must be satisfied to a reasonable *certainty*. The charge "she is *entitled* to damages for the indignity," referring to punitory damages, should have been, you *may* assess damages for the indignity, etc.; and the expression "the amount of such damages (punitory) is *governed* by the wealth of the party" should have been, the wealth of the party is an element to be considered in assessing punitory damages. It is not necessary to determine whether or not the errors here briefly alluded to are prejudicial. The prejudicial error as to the burden of proof is in this case also as well as in the husband's case, and that together with others herein treated require a reversal of the judgment.

*By the Court.*—Judgment reversed, and cause remanded for a new trial.