JORDAN, Respondent, vs. KOERTH, Appellant.

*May 11—June 6, 1933.*

110

For the appellant there was a brief by *Raymond J. Cannon*, attorney, and *John L. Newman* of counsel, and oral argument by *Philip J. Fox,* all of Milwaukee.

For the respondent there was a brief by *Lowry & Beggs,* attorneys, and *Gordon E. Dawson* of counsel, all of Madison, and oral argument by *Mr. Dawson.*

FAIRCHILD, J.   Robert Koerth was a victim of a theft committed July 27, 1930.   He told the sheriff of Sauk county and his brother, Gus Koerth, the appellant, who was constable of Sauk City, that he suspected Charles Jordan, the respondent in this case.   A complaint appears to have been

made and a warrant issued alleging the commission of the crime. The sheriff and Robert Koerth in one car, and the appellant and a representative of the sheriff in another car, started for Sauk City in search of respondent. The appellant found respondent in the village of Mazomanie, Dane county, and told him that some one wanted to see him in Sauk City; the respondent entered the car with appellant, whereupon they drove to Sauk City, where respondent was placed in the custody of the sheriff and taken to the county jail at Baraboo. After remaining there for several days respondent secured bail and was released pending the preliminary hearing. Between the time of the release and the preliminary hearing the second warrant referred to in the statement of facts was issued.

When the complaint was amended upon the trial by incorporating in it the cause of action arising out of the second arrest, there was added a claim for damages against two tortfeasors, the first cause of action being against the appellant only. There was thus united upon plaintiff's motion in one complaint a cause of action against one individual with a cause of action against that individual and another. The amendment was objected to and offends against the rule as fixed by the legislature in sec. 263.04, Stats., which reads: "But the causes of action so united must affect all the parties to the action . . . and must be stated separately."

The injection into the complaint of the cause of action against both the appellant here and Robert Koerth resulted in serious confusion of the issues and an assessment of damages which cannot be sustained. And appellant assigns as error instructions given to the jury in relation to damages; the portions particularly complained of are those which permitted an apportioning assessment of damages as to each of two actors where there was but one act and one result to be considered. The difficulty can be briefly stated by reference

to the charge of the learned trial judge wherein he said with reference to damages:

"All to be such sum as will fairly and reasonably compensate the plaintiff, and flowing out of such acts on the part of said defendant, for the proportion of such damage chargeable to such defendant as disclosed by the evidence."

The special verdict with relation to damages contains the following questions: "(3) Did Gus Koerth, on or about the 11th day of September, 1930, without probable cause, aid and abet Robert Koerth in making complaint before Justice Andro alleging in effect the commission of the crime of larceny on the part of Jordan and thereby cause the arrest, detention, and imprisonment of plaintiff without lawful authority? Question (5). Did the defendant Robert Koerth on the 11th day of September, 1930," etc. These questions were identical and were answered in the affirmative. In asking for the judgment of the jury as to the compensatory damages flowing from the act of Gus Koerth, the trial court said:

"The burden of proof is upon the plaintiff to convince you by the preponderance of the evidence of the amount of compensatory damages suffered by reason of the action of Gus Koerth. . . . As elements of damage you should take into consideration: mental pain and suffering by reason of plaintiff's arrest, detention, and imprisonment as shown by the evidence, and his shame, humiliation, and degradation caused thereby; also the plaintiff's loss of earnings, and damages by reason of the same, and the expense he has been put to by reason of such arrest, detention, and imprisonment, and in obtaining release therefrom, and for his mental pain, shame, humiliation, and sense of degradation he has suffered because of such conduct of Gus Koerth up to the present time. . . ."

As to damages to be apportioned against Robert Koerth the instructions were identical with those just quoted. The trial court attempted to have the jury apportion the damages for an entire act between two persons who were responsible

for the result. As the complaint stood at the time, there was a claim by the respondent for damages resulting from two arrests. Under the second cause of action for the second arrest, participated in by both appellant and Robert Koerth, there was a common plan for which both were responsible. Each of two persons alleged to be acting together in accomplishing a wrong would be liable for any loss suffered by reason thereof. Under the settled law of this state, those so acting are joint tortfeasors whose concurring acts result in injury. Each wrongdoer adopts the conduct of his associate, and it is impossible to apportion the damage or to say that either perpetrated any distinct portion of the injury. "The whole loss must necessarily be considered and treated as an entirety." *Cook v. Minneapolis, St. P. & S. S. M. R. Co.* 98 Wis. 624, at p. 642, 74 N. W. 561; *Booker v. Pelkey,* 173 Wis. 24, 180 N. W. 132; *Kingston v. Chicago & N. W. R. Co.* 191 Wis. 610, 211 N. W. 913.

Because of the lower assessment against Gus Koerth when compared with the assessment against Robert, it may be thought to appear that appellant has an advantage in the apportionment of damages as at present fixed. But under the correct rule, either one or the other of the amounts is the whole of the damage suffered, or there is no sufficient answer to the damage questions. Certainly it is illogical to hold that if Gus Koerth acting by himself and adopting the acts of his associate caused all the damage, and that that damage was $365 because the jury found in another portion of its verdict that Robert Koerth acting by himself and adopting the acts of his associate caused all the damage to the extent of $550, that the respondent can recover the total of those amounts, for this would be allowing him to collect in excess of his damage.

The appellant has challenged the validity of the proceeding which has resulted in an attempt to divide a cause of ac-

tion not divisible and the entering of two judgments against defendants who could not be tried together unless they stood on the same footing subject to a common liability for damages to be recovered from both or neither. The respondent's exception to this proceeding is well taken, for in such a case as we have here there is no provision by which a portion of the damage done by two tortfeasors may be assessed separately against each tortfeasor. *McAllister v. Kimberly-Clark Co.* 169 Wis. 473, 173 N. W. 216. Furthermore, it is impossible to find any evidence in the record on which such division as was made by the jury can be grounded. The apportionment rests purely on speculation. Therefore no specific finding of the total damage sustained by respondent can be said to have been made. It was assumed by the court and in the briefs of the parties that the total damage consisted of the aggregate amounts awarded against the appellant and Robert Koerth. But an application of the rules of law to the facts disclosed by the record as suggested above does not warrant the acceptance of either award under the second cause of action. The evident misunderstanding by the parties and the trial court of the nature of the causes of action leads to such serious misgivings of the fairness of the trial as to compel a reversal.

Upon the proposition that Sauk county was the proper place for the trial of the case, we agree with the conclusion reached by the trial court in its ruling denying the change of venue from Dane county. The defendants in the original actions are officers, and sec. 261.01, Stats., provides that the place of trial of an action against a public officer is the county where the cause of action or some part thereof arose. The first steps which led to the imprisonment of the respondent were taken in Dane county.

*By the Court.*—Judgment reversed, and cause remanded for a new trial.