## O'Donnell et ux. v. Kopp et al.

*Daniel M. Garrahan*, for plaintiffs.

*Butz & Rupp*, and *Claude T. Reno*, for defendants.

HENNINGER, J., June 29, 1936.—In this action for damages for an assault upon Katharine O'Donnell, the jury found for the plaintiffs generally and against George, Marie and Gerald Kopp for the "amount of all expenses viz. $455, plus $5,000.00 damages."

At the trial Katharine O'Donnell testified that as a result of the assault she was put to bed for a week and took treatments every day for a month and that almost three months later, after continual pain, she had to be operated on. The surgeon testified that the condition for which he operated could have been caused by a blow such as she testified to having received, though he would express no opinion whether it was so caused.

To furnish a measure for punitive damages, plaintiffs, over objections on defendants' part, introduced testimony as to the financial worth of George Kopp and of the Pennsylvania Power and Light Company.

Defendants now ask a new trial because of (1) the court's refusal of defendants' offer to prove prior attempts on their part to gain entrance to plaintiffs' apartment on the day when the assault took place; (2) improper admission of the surgeon's testimony to prove causal connection between the assault and plaintiff's condition requiring an operation; and (3) the court's instructing the jury they might use that evidence to find such connection; (4) failure to charge that punitive damages must be based on guilt of the most innocent defend-

ant; (5) the court's charging that the jury might consider the financial status of the parties; (6) the excessiveness of the verdict.

Had the action been based upon forcible entry, defendants' first objection might be meritorious. Since it was for assault, no prior efforts to gain admission would justify an assault.

In exceptions 2 and 3, defendants raise the question of basing the verdict upon plaintiff's operation as well as upon her illness immediately following the assault. We have examined carefully the authorities cited by defendants as to causal connection between a given cause and claimed results and are convinced that this was a case for the jury. The surgeon's testimony that the blow could have caused the condition requiring operation was supported by a history of continuous and aggravated pain in the region of the blow. These, together, furnish sufficient evidence from which the jury could infer causal connection.

This case does not fall within the line of cases cited by defendants where the causal connection is to be proved solely by expert testimony and where the opinion must be definite. It is only when the result is very remote or extremely unusual that an expert is required to render a definite opinion as to the cause; otherwise the case is for the jury to determine: Davis v. Davis, Director General, 80 Pa. Superior Ct. 343; Sullivan v. Baltimore & Ohio R. R., 272 Pa. 429.

Under these circumstances, defendants cannot complain of that portion of the charge in which the jury was instructed that they might use the doctor's testimony to aid them in determining whether the plaintiff's condition was the natural and probable consequence of the blow.

That defendants were entitled to a charge that punitive damages can be awarded only according to the culpability of the most innocent of the defendants is undoubtedly true: McCarthy v. De Armit, 99 Pa. 63; Mac-Holme v. Cochenour, 109 Pa. Superior Ct. 563; and the

failure to so charge would have entitled them to a new trial had a verdict been rendered against them and the Pennsylvania Power and Light Company. The jury, however, must have found all three defendants against whom a verdict was rendered equally culpable. George Kopp was the owner of the building and present with his wife and minor son, who performed most of the acts complained about, and would be responsible with them. There was ample evidence that Marie Kopp, the wife, and Gerard Kopp, the son, acted in concert and were equally culpable, each for the acts of the other. Since all were equally culpable, no harm was done by reason of the failure to limit the verdict as to punitive damages to the culpability of the most innocent.

The defendants have, however, presented a most interesting point regarding the admission of evidence of the financial worth of the defendants. Defendants contend that since only one verdict may be rendered against all defendants found liable: MacHolme v. Cochenour, supra; and each defendant is answerable for the total amount of that verdict, it is improper to admit evidence of the financial worth of any one or all of defendants jointly, since such evidence as to one may increase a verdict which might be collected from another of less financial worth as to whom the punishment would be too severe.

Defendants have been unable to produce a single Pennsylvania case for or against this doctrine but have called to our attention numerous cases from other jurisdictions which we have studied and whose reasoning appears sound: Walker et al. v. Kellar, 218 S. W. (Tex. Civ. App.) 792, 797; Lister et al. v. McKee, 79 Ill. App. 210; Toledo, Wabash & Western Ry. Co. et al. v. Smith, 57 Ill. 517; Washington Gas Light Co. v. Lansden, 172 U. S. 534, 553; McAllister v. Kimberly-Clark Co. et al., 169 Wis. 473, 173 N. W. 216; Schafer v. Ostmann et al., 148 Mo. App. 644, 129 S. W. 63.

The rule would be different if in a joint action separate verdicts against individual defendants were permissible,

and the jurisdictions which permit such verdicts allow such testimony to aid the jury in fixing commensurate punitive damages. As pointed out above, however, in Pennsylvania, while a verdict need not be found against all defendants, only a single verdict may be found against those who are held answerable.

In line, therefore, with the Pennsylvania doctrine that, where plaintiffs elect to sue tortfeasors jointly rather than individually, they are limited to such punitive damages as the most innocent should pay, it would follow that punitive damages must not be based upon an amount punitive to the one best able to pay and hence unduly onerous to the other or others.

We must also sustain defendants' point that the verdict is excessive. Under the Act of May 8, 1895, P. L. 54, 12, PS §1621, providing for the joint suit of husband and wife for injury inflicted upon the person of the wife, separate verdicts must be rendered for each: Jordan et al. v. Eisele, 273 Pa. 95; Rinker v. Colonial Iron Co., 68 Pa. Superior Ct. 258; Linhoss et ux. v. Hodgson, 310 Pa. 339.

This verdict as rendered, therefore, is valid only as to amounts to which the husband and wife would be jointly entitled. This would include items for expense of medical care of the wife and punitive damages but would not include pain and suffering. These damages, exclusive of punitive or exemplary damages, to which plaintiffs were jointly entitled, amounted to $455. To this we feel we are entitled to add a reasonable amount for punitive damages.

Punitive damages must bear some reasonable relation to the injury and to the cause of it and must not be disproportionate to the one or the other. Individual cases have held that treble the amount of actual damage is excessive: Rider v. York Haven Water & Power Co., 251 Pa. 18; Mitchell v. Randal, 288 Pa. 518.

Since treble punitive damages are considered excessive, we have determined to cut the item, which to be legal must be interpreted as punitive damages, to a figure only slightly in excess of double the actual damages, namely to

the amount of $1,000, leaving the entire verdict standing in favor of the plaintiffs at $1455.

We believe that this figure discounts any prejudice to defendants by reason of admission of testimony as to George Kopp's financial worth or by reason of the failure to charge that punitive damages must be fixed on the basis of the most innocent defendant. We are convinced further that it will cover adequately all loss suffered by plaintiffs and will be sufficiently severe punishment to defendants.

Now, June 29, 1936, the defendants' motion for a new trial is granted unless the plaintiffs shall, within 15 days after service of this order upon them, remit all of the verdict in their favor in excess of $1455.