[1] This is an unusual case, because it involves two appeals in the same case. Such appeals were consolidated by agreement; both parties used the same transcript, and the case were argued together in this Court.
[2] The original petition was filed May 21, 1948. On November 20, 1948, plaintiff (who is both appellant and respondent in this Court) filed her amended petition in two counts. The first count of the amended petition was dismissed by plaintiff at the conclusion of all of the evidence, and therefore need not be further noticed.
[3] The second count was amended by plaintiff at the close of her case by striking out the words "fail to properly sterilize said bottle before placing any `Coca-Cola' in said bottle and negligently and carelessly * * *." It is the theory of plaintiff that the second count of the amended petition thereafter charged defendant with negligence, under the res ipsa loquitur
doctrine, a theory which we do not need to discuss.
[4] On December 1, 1948, the defendant (both respondent and appellant here) filed its answer. The answer to the first count of plaintiff's petition need not be further considered, for the reason heretofore mentioned.
[5] In the second count of her amended petition, the plaintiff alleged that she was sickened by a mouse left in a bottle of coca-cola by defendant and was thereby rendered "violently ill and nauseated and vomited and was seized with cramps, pain and misery in and about her stomach, abdomen and head; she received a severe and violent shock to her entire nervous system; the lining and membrane of her *Page 814 
stomach were caused to become inflamed and sore and her digestive system was poisoned; it was necessary for her to consult and accept treatment from a physician and she was taken to Dr. W. J. Hux in Essex, Missouri, where the poisonous contents of the bottle of `Coca-Cola' which she drank and other food and contents of her stomach which had become poisoned because of the drinking of the same were removed from her stomach and she has been compelled to take medicine continuously since that time; she has suffered great physical and mental anguish and her stomach is and will continue to be in a weakened condition; it is difficult and will continue to be difficult for her to eat and retain food; she cannot partake of nourishment as formerly; she frequently becomes and will continue to become ill and nauseated and suffer intense headache and fainting spells; and she has been and will continue to be mentally upset and the thought and recollection of her experience in connection with the drinking and swallowing of the contents of the bottle of `Cola-Cola' as aforesaid causes her and will continue to cause her to lose her appetite and be mentally upset."
[6] The prayer of her petition was for $5,000 actual damages and $5,000 punitive damages. On January 4, 1949, the jury returned a verdict for plaintiff in the sum of $900 actual damages and in the sum of $900 punitive damages.
[7] On January 12, 1949, defendant filed its motion for new trial, which was sustained, on March 21, 1949, as follows: "Motion for new trial sustained unless plaintiff enters remittitur of $900.00, the amount awarded her for punitive damages, within ten (10) days, because no sufficient evidence to justify submission on question of punitive damages."
[8] To this order of the trial court, both plaintiff and defendant objected and excepted at the time. Plaintiff refused to enter a remittitur of $900 for punitive damages from the verdict returned by the jury, as required by the trial court, and she has appealed. Both plaintiff and defendant gave notice of appeal on March 31, 1949.
[9] The order of the trial court shows that the motion of defendant for new trial was sustained solely because there was "no sufficient evidence to justify submission on question of punitive damages." The trial court must therefore have decided all other questions in the case, then before him, in favor of the plaintiff.
[10] We must assume that the trial court, in the case then before him, held that the evidence of plaintiff was otherwise sufficient. We therefore can say that the trial court then held that there was sufficient evidence of a dead mouse in the bottle of coca-cola, and that the evidence to support that claim was sufficient. The plaintiff testified to the presence of such dead mouse in the bottle. She was corroborated by her son and by her husband. The woman who sold the bottle to plaintiff's son saw a mouse in the bottle and Dr. Hux also testified that he saw it.
[11] The presence of a dead mouse in the bottle of coca-cola was a question of fact, in that case, and must have been so found by the jury. Defendant filed a motion for a new trial, and, among other things, attacked the sufficiency of plaintiff's evidence in that case. Defendant's claim of this and other claims of error, must have been overruled by the trial court, since the motion of defendant for a new trial in that case was sustained solely for error in submitting the question of punitive damages to the jury. The trial court evidently found that the evidence, as to the presence of the mouse in the bottle, was sufficient in that case, and approved the finding of the jury in that respect. The presence of a mouse in the bottle is not an open question on this appeal. Ames v. Orme, 28 Mo. 381; Oakes v. Mound City Mutual Ins. Co., 52 Mo. 237; Reynolds v. Buffington, 75 Mo.App. 86; Strode v. Abbott, 102 Mo.App. 169, 76 S.W. 644.
[12] Plaintiff contends that the trial court erred in requiring her to remit the punitive damages, assessed by the jury. Does the proven failure of defendant to put into its bottles substances that were pure, clean and wholesome, alone justify the assessment of punitive damages? *Page 815 
[13] Plaintiff cites Baxter v. Magill, 127 Mo. App. 392, loc. cit. 398. We have also found that case in 105 S.W. 679, 681. That was an assault and battery case and punitive damages were asked for in the petition. The St. Louis Court of Appeals had sustained the petition. The jury assessed punitive damages in the sum of $1000.
[14] Dealing with the subject of such punitive damages, Nortoni, Judge, said: "* * * And, for that matter, if the point had merit, the allegations of malicious and unlawful assault and battery contained in the body of the petition would be construed as having a direct bearing upon, and be considered in connection with, the prayer for punitive damages, inasmuch as such damages are awarded, when awarded at all in these cases, because of the malicious character of the assault."
[15] Plaintiff also cites McKenzie v. Randolph, Mo.Sup., 257 S.W. 126, loc. cit. 127. At the page cited, and quoting from Reel v. Consolidated Investment Co., Mo.Sup., 236 S.W. 43, 46, Higbee, Commissioner said: "* * * `But an act or omission, though properly characterized as negligent, may manifest such reckless indifference to the rights of others that the law will imply that an injury resulting from it was intentionally inflicted.'"
[16] Appellant next cites De-Salme v. Union Electric Light Power Co., 232 Mo.App. 245, 102 S.W.2d 779, loc. cit. 783. That case was reversed and remanded. While the St. Louis Court of Appeals, in an opinion by Bennick, Commissioner, held that the conduct of defendant was sufficient to subject it to the punitive damages, assessed by the jury, it further said: "As constituting the basis for the allowance of punitive damages, there must not only have been a wrongful act done by the defendant, but it must have been done with a bad motive, or with negligence amounting to positive misconduct, or in a manner evincing willful disregard of the rights of others. Schafer v. Ostmann, 148 Mo.App. 644, 129 S.W. 63. In other words, the defendant's act must have been of a nature to be properly characterized as wanton or malicious, not necessarily the product of spite or ill will towards the plaintiff personally, but intentionally done without just cause or excuse. Lampert v. Judge Dolph Drug Co., 238 Mo. 409, 141 S.W. 1095; Jones v. West Side Buick Auto Co., [231] Mo. App. [187], 93 S.W.2d 1083."
[17] We will not note the many other cases cited by plaintiff on the question of her right to have the jury assess punitive damages. We will assume that plaintiff in her brief has first cited "the three authorities principally relied on", as provided in Rule 1.08(a) of the Supreme Court, and feel that these cases are wholly insufficient to justify assessment of punitive damages.
[18] We are satisfied that defendant was not guilty of a wrongful act, intentionally done, even if it did put a cap on a bottle of coca-cola with a mouse therein, as found by the jury, and, presumably, as approved by the trial court.
[19] Punitive damages are not a matter of right. Such damages should only be assessed by the jury when there is evidence that the defendant has acted maliciously or with wanton disregard of the rights of others. There is no such evidence in this case.
[20] In spite of the care of defendant, as testified to by its witnesses, a mouse probably got into one of its bottles and was sold to plaintiff's son in that condition and caused plaintiff's illness later. But there is nothing in the record in this case to show that defendant permitted the bottle of coca-cola to go out from its plant in Sikeston, in wanton disregard of the rights of plaintiff, or of any one else, and it was not liable for punitive damages, as held by the trial court, and as asserted by plaintiff.
[21] Defendant filed a motion for new trial, attacking the action of the trial court in many respects. As the trial court has already sustained defendant's motion for a new trial, unless plaintiff made a remittitur, and plaintiff refused to make such remittitur within the time prescribed by the trial court, the assignments of error made in defendant's motion for a new trial need not be considered by us on defendant's appeal. *Page 816 
[22] Defendant has already had its motion for a new trial sustained, since plaintiff did not make the remittitur required of her by the trial court. "Sufficient unto the day is the evil thereof."
[23] It is our conclusion that the action of the trial court, in sustaining defendant's motion for a new trial, upon the conditions stated, and plaintiff's refusal to meet those conditions, apply to the entire case. Defendant has already been granted a new trial, upon the whole case.
[24] It is our opinion that the action of the trial court, in sustaining defendant's motion for a new trial, except only on the conditions imposed on plaintiff, should be affirmed, and, since defendant's motion for a new trial has already been sustained, by reason of plaintiff's failure to comply, defendant's appeal should be dismissed.
[25] Such is our order.
[26] VANDEVENTER, P. J., and McDOWELL, J., concur.