Demge, Administratrix, Appellant, vs. Feierstein and others, Respondents.

*June 3—June 22, 1936.*

200

*Peter M. Huiras* of Port Washington, for the appellant.
For the respondents Feierstein there was a brief by *Schanen & Linley* of Port Washington, and oral argument by *Mr. Linley.*

For the respondent St. Paul Mercury Indemnity Company there was a brief by *Bendinger & Hayes,* attorneys, and *John A. Kluwin* of counsel, all of Milwaukee, and oral argument by *Gerald P. Hayes.*

WICKHEM, J. For reasons that will hereafter be evident, it will be convenient upon this appeal to consider together the demurrers of defendant indemnity company and the defendants Feierstein.

The liability sought to be established by the complaint against defendant indemnity company is based upon sec. 176.10, Stats. (ch. 13, Laws of Sp. Sess. 1933–34), which in substance requires every applicant for a tavern license before delivery of the license to file with the town, village, or city clerk a bond to the state in the sum of $1,000, conditioned that the applicant during the continuance of his license—

"will not violate any provision of this chapter, will keep and maintain an orderly and well-regulated house; that he will not sell or give away any intoxicating liquor to any minor, having good reason to believe him to be such, or to persons intoxicated or bordering upon intoxication or to habitual drunkards; and that he will pay all damages that may be recovered by any person pursuant to section 176.35. . . ."

Sec. 176.10 (3) provides: "In case of the breach of the condition of any such bond an action may be brought thereon in the name of the state of Wisconsin, and judgment shall be entered against the principals and sureties therein named for the full penalty thereof; and execution may issue thereupon by order of the court therefore to satisfy any judgment that may have been recovered against the principal named in said bond by reason of any breach in the conditions thereof or for any penalties or forfeitures incurred under this chapter."

Sec. 176.10 (4) provides: "If more than one judgment shall have been recovered the court, in its discretion, may apply the proceeds of said bond toward the satisfaction of

said several judgments in whole or in part in such manner as it may see fit."

Sec. 176.30, Stats. (ch. 13, Laws of Sp. Sess. 1933–34), prohibits the sale of intoxicating liquors to a minor or to any person intoxicated or bordering upon the state of intoxication and provides a penalty. Sec. 176.35, Stats. (ch. 13, Laws of Sp. Sess. 1933–34), creates an action for injury by sale of liquor under certain specified conditions. It provides as follows:

*"Action for injury by unlawful sale.* Any person or persons who shall be injured in person, property, or means of support by, or in consequence of, the intoxication of any minor or habitual drunkard shall have a right of action jointly or severally in his, her, or their name against any person or persons who have been notified or requested in writing, by the officers authorized by law to forbid the sale or giving away of intoxicating liquors to such minor or habitual drunkard, or by the husband, wife, parents, relatives, guardian or persons having the care or custody of such minor or habitual drunkard, not to sell or give intoxicating liquors to him, and who, notwithstanding such notice or request, shall knowingly sell or give away intoxicating liquors, thereby causing the intoxication of such minor or drunkard; and the person so selling or giving away such liquors or drinks shall be liable for all damages resulting therefrom. A married woman shall have the same right to bring such suit and to control the same as a *feme sole,* and all damages so recovered shall belong to her and her separate property."

The complaint states no cause of action against the indemnity company, and this for two reasons: First, a bond executed in compliance with the statute is required to be conditioned upon payment by defendants Feierstein of all damages that may be recovered by any person *pursuant to sec. 176.35, Stats.* This section creates a cause of action in favor of those injured by the intoxication of a minor or habitual drunkard against a vendor of liquor who has been notified in writing by certain specified persons not to sell liquor to him. The complaint contains no allegations that bring the case

within the statute. Even if this were not so, no cause of action is stated under the common law against the defendants Feierstein, and, in consequence, no cause of action is stated upon the bond. While plaintiff claims that such a liability exists, she cites no authority supporting this view. The cases are overwhelmingly to the effect that there is no cause of action at common law against a vendor of liquor in favor of those injured by the intoxication of the vendee. Black, Law of Intoxicating Liquors, ch. 13, § 281; *Buntin v. Hutton,* 206 Ill. App. 194; *Healey v. Cady,* 104 Vt. 463, 161 Atl. 151; *Coy v. Cutting,* 138 Kan. 109, 23 Pac. (2d) 458; *State v. Johnson,* 23 S. D. 293, 121 N. W. 785; *Kraus v. Schroeder,* 105 Neb. 809, 182 N. W. 364, 365.

In view of the common-law rule, it has been necessary, where opinion favored the creation of such a cause of action, to enact civil damage laws. Sec. 176.35 is such a law and prescribes fully the conditions under which such a right of action exists. As has already been noted, the complaint states no cause of action under this section. The contention that civil damages resulting from the violation of sec. 176.30 may be recovered upon some common-law principle cannot be sustained. Sec. 176.35 completely deals with the rights of action against the vendor of liquor by those sustaining damages as a result of intoxication following the sale.

Another matter that is not referred to in the briefs would seem to be decisive here. This is an action for wrongful death under sec. 331.03, Stats. In order that there be a cause of action in plaintiff the situation must be such that deceased, had he sustained the accident and lived, could have recovered against defendants. *Koehler v. Waukesha Milk Co.* 190 Wis. 52, 208 N. W. 901; *Waube v. Warrington,* 216 Wis. 603, 258 N. W. 497. We discover no support whatever for the view that he could recover in such a situation. It follows that the demurrers were properly sustained.

*By the Court.*—Orders affirmed.