SEIBEL, Appellant, vs. LEACH and others, Defendants: ST. PAUL-MERCURY INDEMNITY COMPANY, Respondent.

*November 6—December 5, 1939.*

J. E. *Richter* of Fond du Lac, for the appellant.

For the respondent there was a brief by *Bendinger, Hayes, Kluwin & Schlosser* of Milwaukee, and oral argument by *Gerald F. Hayes.*

FAIRCHILD, J.  The injury to the plaintiff was the result of an act of the defendant Leach, and the responsibility for that act under the law is not visited upon Landerman or his surety.  Under the common law it is not an actionable wrong either to sell or to give intoxicating liquors to an able-bodied man.  The plaintiff urges the need of some regulation imposing liability on a tavern keeper for injury to a third person resulting from the intoxication of one to whom liquor has been sold.  He supports this contention by analogies drawn from the so-called squib case, *Scott v. Shepherd,* W. B. L. 892, 96 Reprint, 525, 3 Wils. 403, 95 Reprint, 1124.  Our attention is called to many cases in jurisdictions where statutes have been enacted making provision for such liability where one has become intoxicated by illegal sale of liquor. The case of *Dunlap v. Wagner,* 85 Ind. 529, is illustrative of

the basis of appellant's contention. There a liquor dealer, unlicensed to sell liquor at retail, sold to a customer who consumed the liquor on the premises and became helpless. Because he was too helpless to drive the team which became frightened, a runaway occurred, and a horse he had borrowed was killed. The liquor seller was held liable for the value of that horse. In its decision the supreme court of Indiana did say that a dealer under such circumstances "may well be deemed guilty of an actionable wrong independently of any statute." However, this statement is immediately followed by the ruling "but we have a statute which provides that every person shall have a right of action for an injury resulting to person or property against one who shall, by selling intoxicating liquors to another, have caused the intoxication of the person by, or through whom, the injury is done." The inapplicability of cases of that character to the facts here presented readily appears because we have no similar statute, and because "in view of the common-law rule, it has been necessary, where opinion favored the creation of such a cause of action, to enact civil-damage laws." *Demge v. Feierstein,* 222 Wis. 199, 203, 268 N. W. 210. Courts may in proper instances apply old rules to newly created conditions, but they cannot create new rules 'for conditions already regulated. The common-law rule holds the man who drank the liquor liable, and considers the act of selling it as too remote to be a proximate cause of an injury caused by the negligent act of the purchaser of the drink. The decision in *Demge v. Feierstein, supra,* sets forth the law controlling in the case at bar.

*By the Court.*—Orders and judgment affirmed.