Isadore Bookstein, J.
All three of the above-entitled actions are on the day calendar for trial.
Defendant Perich moves for an order permitting him to amend his answer to plead payment to plaintiffs in each case *172 of the sum of $6,000 by the insurance carrier of the. owner of the motor vehicle in which the three decedents met their deaths, as both a complete and as a partial defense.
The objection that the motions are not timely is overruled, in view of the recent acquisition by defendant of the knowledge of the payments.
The present actions are to recover damages by virtue of the provisions of section 16 of the Civil Eights Law, which implements section 65 of the Alcoholic Beverage Control Law.
Section 65 of the Alcoholic Beverage Control Law, among other things, prohibits the sale of alcoholic beverages to any intoxicated person or to any person, actually or apparently, under the influence of liquor.
Section 16 of the Civil Eights Law, so far as pertinent, provides as follows: ‘ ‘ Any person who shall be injured in person, property, means of support, or otherwise by any intoxicated person, or by reason of the intoxication of any person, whether resulting in his death or not, shall have a right of action against any person who shall, by unlawful selling to or unlawfully assisting in procuring liquor for such intoxicated person, have caused or contributed to such intoxication; and in any such action such person shall have a right to recover actual and exemplary damages. In case of the death of either party, the action or right of action given by this section shall survive to or against his or her executor or administrator, and the amount so recovered by either wife or child shall be his or her sole and separate property ”.
Each of these plaintiffs, in a representative capacity, has received $6,000 in settlement of each of their causes of action, under section 130 of the Decedent Estate Law, against the estate of the deceased operator of the motor vehicle in which the passengers, of whose estates they were appointed administrators, were killed. The distribution of those settlements is provided for by section 133 of the Decedent Estate Law.
What the moving defendant here seeks is diminution of any recovery against him in these actions, by the amounts received in the death actions established by section 130 of the Decedent Estate Law.
The action created by section 16 of the Civil Eights Law and its forerunner in earlier statutes is a creature of statute solely. It is not a common-law action. It is penal in nature. It is in the nature of a civil fine, the amount of which is to be determined by a jury, and the proceeds of which are to go to a private individual or individuals, and not into the public treasury.
*173 In Dowling v. Stephan (206 Misc. 518, 520) the court said: “ The statute which creates the right of recovery is the exclusive source and boundary of the liability and the remedy * * * The meaning and intent of section 16 is manifestly clear and certain through its language. The section reveals and expresses the legislative intention, among other things, that a wife or child, who is injured in any manner by reason of the intoxication of the husband or father, may recover actual and exemplary damages from such person, who by unlawfully selling or unlawfully assisting in procuring liquor for the intoxicated person, caused or contributed to such intoxication; and in the event of death of the intoxicated person the right of action will survive and the amount recovered will be for the sole benefit of the wife or child. It is thus evident that this section creates a cause of action for the wife and child independent of and not created by section 130 of the Decedent Estate Law for a negligently caused death.” (Emphasis supplied.) “ Interest, therefore, could not be added to the verdict as provided for in the Decedent Estate Law (§ 132), nor could it be added under section 16 of the Civil Eights Law since there is no provision in the enactment for adding interest to such a verdict. Section 16 is remedial in character and its true intended meaning should not be enlarged * * * Had the Legislature intended that interest should be allowed, it would have so provided in the same fashion as it had provided for exemplary damages ”. (Cf. Travelers Ins. Co. v. Padula Co., 224 N. Y. 397, 402.)
Conversely, as the meaning of section 16 should not be enlarged, so it cannot be circumscribed or narrowed. Just as interest cannot be added, so, too, there can be no diminution of the penalty in the way of damages fixed thereby, by applying in reduction or mitigation thereof, an amount of money fortuitously recovered in an action for wrongful death, either by way of settlement or a verdict therein.
If the proposed complete defense is alleged on the theory of a release of defendant, as the result of the alleged release of a joint tort-feasor, to wit, the operator of the vehicle, it is insufficient, in the absence of an allegation that plaintiffs in releasing the alleged joint tort-feasor did not reserve his rights against the defendant. (Gulliver v. Duffy, 77 N. Y. S. 2d 637.) Moreover, the answering affidavits show affirmatively that such reservations were made in these cases. (Cf. Bator v. Barry, 282 App. Div. 324.)
Parenthetically, it is seriously questionable that the defendant and the driver of the vehicle were joint tort-feasors even *174 though the conduct of both may have contributed to the death. The statutory action against the driver is based on his negligence; the statutory action against the defendant is based not on negligence, but on willful violation of a statutory prohibition in a sphere wholly unrelated to negligence.
Finally, it should be borne in mind, as to the so-called partial defense, that the beneficiaries of an action under section 16 of the Civil Rights Law are not necessarily the same as the beneficiaries of an action under section 130 of the Decedent Estate Law.
Motions denied.
Submit orders.