417 P.2d 71

Rubye E. HALL, Plaintiff-Appellant,

v.

Joe M. BUDAGHER, d/b/a Budagher Bar, Defendant-Appellee.

No. 7988.

Supreme Court of New Mexico.

July 25, 1966.

Gallagher & Walker, Frank M. Mims, Albuquerque, for appellant.

Matteucci, Gutierrez, Franchini & Calkins, Albuquerque, for appellee.

## OPINION

WALDO SPIESS, Judge, Court of Appeals.

The plaintiff (appellant) Rubye E. Hall, as personal representative of Clair H. Hall, deceased, brought suit under Sec. 22–20–1, N.M.S.A., 1953, for the alleged wrongful death of Clair H. Hall, against the defendant (appellee), Joe M. Budagher.

The complaint was challenged on the ground that it failed to state a claim upon which relief could be granted. The challenge was sustained and the complaint dismissed. Plaintiff appeals.

In considering whether a complaint states a claim upon which relief can be granted we assume as true all facts well pleaded.

Jones v. International Union of Operating Engineers, 72 N.M. 322, 383 P.2d 571; Jernigan v. New Amsterdam Casualty Company, 69 N.M. 336, 367 P.2d 519.

A further applicable rule is that the motion to dismiss a complaint should be granted only if it appears that upon no facts provable under the complaint could plaintiff recover or be entitled to relief. Jones v. International Union of Operating Engineers (supra); Jernigan v. New Amsterdam Casualty Company (supra); Chavez v. Sedillo, 59 N.M. 357, 284 P.2d 1026.

The complaint alleges that defendant, Budagher, owned and operated a bar or tavern located on U. S. Highway 85 north of Bernalillo, Sandoval County; that at the time in question, one, Daniel Lovato, a patron of the bar, was sold and served intoxicating liquors and consumed the same therein; that defendant continued selling and serving intoxicating liquors to Lovato although he obviously was under the severe influence of such liquor; that Lovato, while in such condition was evicted from the bar by defendant at closing time. It is further alleged that the defendant knew Lovato had arrived at the premises in a motor vehicle and would thereafter drive it. He also knew that the driving of the motor vehicle by Lovato in his then intoxicated condition could or would result in damage to others upon the highway.

The complaint then alleges that Lovato did drive his motor vehicle upon the highway while in said intoxicated condition and caused it to collide with a vehicle being driven by Clair H. Hall, resulting in Hall's death; that the collision and subsequent death of Clair H. Hall was a direct result of Lovato's intoxicated condition and his intoxicated condition was a direct result of defendant's violation of rules and regulations Nos. 31 and 32 of the New Mexico Division of Liquor Control.

The regulations to which reference is made follow:

"Regulation No. 31—SALE TO INTOXICATED PERSON

No dispensary, retailer or club licensee shall sell, serve or deliver alcoholic beverages to any person who is obviously in an intoxicated condition.

"Regulation No. 32—URGING PERSONS TO PURCHASE ALCOHOLIC BEVERAGES AND SHARING PROCEEDS FROM DRINKS SERVED BY EMPLOYEES

No dispenser, retailer or club licensee shall urge, entice, or induce any person to purchase alcoholic beverages or shall permit any employee to urge, entice or induce any person to purchase alcoholic beverages, nor shall any dispenser or club licensee pay any employee any share of proceeds from drinks served by said employee."

The question presented is whether a cause of action is maintainable by a third person against a tavern keeper on account of an automobile accident caused by a drunken driver whose intoxication was brought about through the sale of liquor to him by the tavern keeper in violation of the above regulation.

The question is one of first impression in New Mexico. Cases from other jurisdictions, with but few exceptions, hold that at common law, there was no redress against the seller of intoxicating liquors in favor of third persons for injuries or damages

due to acts of intoxicated persons to whom a sale or sales had been made. Carr v. Turner, 238 Ark. 889, 385 S.W.2d 656; Henry Grady Hotel Co. v. Sturgis, 70 Ga. App. 379, 28 S.E.2d 329; Cowman v. Hansen, 250 Iowa 358, 92 N.W.2d 682; Stringer v. Calmes, 167 Kan. 278, 205 P.2d 921; Waller's Adm'r v. Collinsworth, 144 Ky. 3, 137 S.W. 766, 44 L.R.A.,N.S., 299, Ann. Cas.1913A, 510; State for Use of Joyce v. Hatfield, 197 Md. 249, 78 A.2d 754; Barboza v. Decas, 311 Mass. 10, 40 N.E.2d 10; Beck v. Groe, 245 Minn. 28, 70 N.W.2d 886, 52 A.L.R.2d 875; Tarwater v. Atlantic Co., 176 Tenn. 510, 144 S.W.2d 746; Seibel v. Leach, 233 Wis. 66, 288 N.W. 774; Farmers Mutual Auto. Ins. Co. v. Gast, 17 Wis.2d 344, 117 N.W.2d 347; Megge v. United States of America, U. S. Court of Appeals, Sixth Circuit, 344 F.2d 31; Annot. 130 A.L.R. 352, 357, 75 A.L.R.2d 833, 839. See also Demge v. Feierstein et al., 222 Wis. 199, 268 N.W. 210, wherein the court said:

"The cases are overwhelmingly to the effect that there is no cause of action at common law against a vendor of liquor in favor of those injured by the intoxication of the vendee."

The foregoing cases each involve a negligent sale, or one made in violation of statute or regulation and hold that sellers are not liable as a matter of law to an injured third person.

The rule is based upon the proposition that the proximate cause of injury is the buyer's act in drinking the liquor and that the vendor's act in selling is too remote to be a proximate cause of an injury caused by the negligent act of the purchaser. Seibel v. Leach, supra.

In view of the stated rule it is unnecessary for us to consider whether one violating the quoted regulations is guilty of negligence per se since such violation would not be a proximate cause of injury. Compare Bouldin v. Sategna, 71 N.M. 329, 378 P.2d 370.

The general rule has been rejected in the following cases: Rappaport v. Nichols, 31 N.J. 188, 156 A.2d 1, 75 A.L.R.2d 821; Davis v. Shiappacossee, Fla., 155 So.2d 365; Waynick v. Chicago's Last Department Store, U. S. Court of Appeals, Seventh Circuit, 269 F.2d 322, 77 A.L.R.2d 1260; Jardine v. Upper Darby Lodge, 413 Pa. 626, 198 A.2d 550; Colligan v. Cousar, 38 Ill.App.2d 392, 187 N.E.2d 292.

By statute, in a number of states the common law rule has been changed and the tavern keeper is subjected to liability to a third party in cases where injury results from the furnishing or sale of intoxicating liquor. These statutes are commonly referred to as civil damage or dramshop acts. For a discussion of such statutes see State for Use of Joyce v. Hatfield, supra.

Cases from jurisdictions which have adopted the so-called dramshop or civil

damage acts recognize the common law rule in holding that such acts provide remedies unknown to common law. Strand v. Village of Watson, 245 Minn. 414, 72 N.W.2d 609; Playford v. Perich (1956) 2 Misc.2d 170, 152 N.Y.S.2d 201; Iszler v. Jorda, N.D., 80 N.W.2d 665, 64 A.L.R. 2d 697.

The legislature of New Mexico has not seen fit to change the common law rule through enactment of either civil damage, dram-shop, or similar legislation.

■ In view of the adoption of the common law as the rule of practice and decision in New Mexico, § 21-3-3, N.M.S.A., 1953, Ickes v. Brimhall, 42 N.M. 412, 79 P.2d 942, we are not at liberty to judicially authorize actions or proceedings wholly unknown to it.

■ Whether legislation in the nature of the so-called dram-shop or civil damage statutes should be included as a part of our liquor control acts is within the province of the legislature and we should not through judicial action establish the equivalent of such legislation.

■ In our opinion the trial court was correct in dismissing plaintiff's complaint and its action in so doing is hereby affirmed.

It is so ordered.

CARMODY, C. J., and MOISE, J., concur.