Penny Lynn PARSONS, a minor, by her next friend and guardian, Shirley J. Parsons, Appellant (Plaintiffs below),

v.

Lew L. JOW, doing business as The Teak Lounge, Appellee (Defendant below).

No. 3870.

Supreme Court of Wyoming.

Feb. 4, 1971.

K. W. Keldsen, Rawlins, for appellant.

James P. Horiskey, of Rooney & Horiskey, Cheyenne, for appellee.

Before McINTYRE, C. J., and PARKER, McEWAN and GRAY, JJ.

Chief Justice McINTYRE delivered the opinion of the court.

Appellant, a minor, sought to state a claim against appellee, owner of a bar, on the theory that an employee of the bar owner had sold intoxicating liquor to Lee McCall, another minor; that McCall became intoxicated on the liquor and while under the influence of such liquor drove his automobile in a negligent manner; as a result of which McCall collided with a school building causing bodily injuries to plaintiff, who was a passenger and guest in the McCall vehicle.

On motion of the defendant, the district court dismissed plaintiff's complaint on the

ground that it did not state a claim upon which relief could be granted. Plaintiff has appealed and we must determine whether a claim was stated upon which relief can be granted.

■ We think it cannot be denied there was no cause of action at common law against a vendor of liquor in favor of one injured by a vendee who becomes intoxicated—this for the reason that the proximate cause of injury was deemed to be the patron's consumption of liquor and not its sale. Our statement in this regard is verified in these cases: Cherbonnier v. Rafalovich, 88 F.Supp. 900, 901, 12 Alaska 634; Collier v. Stamatis, 63 Ariz. 285, 162 P.2d 125, 126–127; Meade v. Freeman, 93 Idaho 389, 462 P.2d 54, 56; Hyba v. C. A. Horneman, Inc., 302 Ill.App. 143, 23 N.E. 2d 564, 565; State for Use of Joyce v. Hatfield, 197 Md. 249, 78 A.2d 754, 756; Behnke v. Pierson, 21 Mich.App. 219, 175 N.W.2d 303; LeGault v. Klebba, 7 Mich. App. 640, 152 N.W.2d 712, 713; Sworskie v. Coleman, 204 Minn. 474, 283 N.W. 778, 780; Beck v. Groe, 245 Minn. 28, 29, 70 N.W.2d 886, 891, 52 A.L.R.2d 875; Hall v. Budagher, 76 N.M. 591, 417 P.2d 71, 73; Demge v. Feierstein, 222 Wis. 199, 268 N. W. 210, 212; Garcia v. Hargrove, 46 Wis. 2d 724, 176 N.W.2d 566, 567; Seibel v. Leach, 233 Wis. 66, 288 N.W. 774. See also 45 Am.Jur.2d, Intoxicating Liquors, § 553, p. 852; and 48 C.J.S. Intoxicating Liquors § 430, p. 716.

Statutes, in a number of states, have changed the common law rule and subjected a tavern keeper to liability to a third party, where injury results from the furnishing of intoxicating liquor. The statutes are called civil damage or dramshop acts. The cases we have cited above follow the principle that a statute is necessary to change the common law rule of nonliability. For a discussion of such statutes see State for Use of Joyce v. Hatfield, 197 Md. 249, 78 A.2d 754, 756.

There is, of course, no statute in Wyoming which plaintiff can rely upon for her cause of action. Section 12–34, W.S.1957, forbids sale after a court, parent or guardian has given written notice to a licensee that his or her child is under 21 years of age. No such notice is claimed in this instance.

The principle that the common law rule of nonliability should be followed in the absence of a civil damage or dramshop statute has been rejected in these and other cases: Davis v. Shiappacossee, Fla., 155 So.2d 365, 367; Colligan v. Cousar, 38 Ill. App.2d 392, 187 N.E.2d 292, 297; Waynick v. Chicago's Last Department Store, 7 Cir., 269 F.2d 322, 324–327; Rappaport v. Nichols, 31 N.J. 188, 156 A.2d 1, 4, 75 A.L. R.2d 821; and Jardine v. Upper Darby Lodge No. 1973, Inc., 413 Pa. 626, 198 A. 2d 550, 553.

Many cases from states which have civil damage acts nevertheless recognize the common law rule in holding that their acts provide remedies unknown to common law. See Iszler v. Jorda, N.D., 80 N.W.2d 665, 667, 64 A.L.R.2d 696, 697; Playford v. Perich, 2 Misc.2d 170, 152 N.Y.S.2d 201, 203; and Strand v. Village of Watson, 245 Minn. 414, 72 N.W.2d 609, 614.

■ It is argued on behalf of appellant that the sale of liquor to a minor was not unlawful at common law as it is in Wyoming. See § 12–33, W.S.1957, 1969 Cum. Supp. This argument is of no avail since negligence in selling the liquor can be assumed. The rule we have stated makes it unnecessary for us to consider whether one violating § 12–33 is guilty of negligence per se, since such violation would not be a proximate cause of injury. Hall v. Budager, 76 N.M. 591, 417 P.2d 71, 73.

It has been held by the United States Court of Appeals, 10 Cir., that in determining what constitutes proximate cause, the same principles are to be applied whether the negligence is violation of a statutory or non-statutory duty. Zanetti Bus Lines, Inc. v. Hurd, 10 Cir., 320 F.2d 123, 128. See also Parkinson v. California Company, 10 Cir., 255 F.2d 265, 270.

■ The legislature of Wyoming has not seen fit to change the common law rule

as it applies in this case. Whether legislation in the nature of a dramshop act or civil damage statute should be included as a part of our liquor control code is within the province of the legislature.

It may be worth mentioning that, as the law stands now, the section of the law which forbids the sale of intoxicating liquor to a minor (§ 12–33) also prohibits a person under the age of 21 years from having any alcoholic beverage in his possession.

█ The trial court was correct in dismissing plaintiff's complaint.

Affirmed.

PARKER, J., concurs in the result.