Betty SNYDER, as Personal Representative for herself and on behalf of the Estate of Chris Snyder; Betty Snyder, Individually, and Tammy Lynn Snyder, Jane Amanda Snyder, Mildred Agnes Snyder, Chris Allen Snyder, Jr. and Christie Robin Snyder, all minors, by Betty Snyder as Next Friend of the above survivors of Chris Snyder, Deceased, Plaintiffs,

v.

WEST RAWLINS PROPERTIES, INC., Quality Inns, Inc., the Golden Spike Saloon, Charles E. Greenhawt, Gerald K. Russel and F.A. Rummel, Jr., Defendants.

No. C81–141K.

United States District Court,
D. Wyoming.

Feb. 4, 1982.

Harry Lieffers, Jr., Grand Rapids, Mich., for plaintiffs.

J. Nicholas Murdock, Casper, Wyo., for defendants.

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

*(With Findings)*

KERR, District Judge.

The above-entitled matter coming on regularly for hearing before the Court upon defendants' Motion For Summary Judgment, and the Court having heard the arguments of counsel in support of and in opposition to said motion, and the Court having carefully considered the pleadings, affidavits and memoranda submitted by counsel, and the Court being fully advised in the premises;

FINDS that this action arises out of a vehicular accident in which plaintiffs' decedent was killed. Jurisdiction is based upon 28 U.S.C. § 1332.

The facts viewed most favorably to plaintiffs are simple and not in dispute. Chris A. Snyder (Snyder), plaintiffs' decedent, was killed in a one-vehicle accident on June 16, 1979 at approximately 2:00 a. m. Prior to the accident, Snyder had been drinking in the Golden Spike Saloon in Rawlins, Wyoming. At some point in the early hours of the 16th, another customer escorted Snyder to his truck and left the keys on the floorboard. Snyder woke up, found the keys, and started the drive which ended with the accident.

Plaintiffs contend the defendants were negligent because they allegedly gave Snyder too much to drink. Plaintiffs also contend that it would be reasonable to assume that Snyder would be driving a vehicle away from the bar and that possible injury could result therefrom.

The general rule is that in the absence of a civil damage or dramshop act enacted by

the state legislature, the common law provided that no remedy existed against a tavern owner or vendor of liquor for injuries to an intoxicated party. Wyoming does not have a civil damages or dramshop act. *Parsons v. Jow*, 480 P.2d 396 (Wyo.1971). See also 98 A.L.R.3d 1230. The theory behind the common law rule was that the proximate cause of the injury was the imbibing of the liquor and not the furnishing of it to the customer.

Plaintiffs argue that an exception to the general rule exists when liquor is sold to a visibly intoxicated person. In this action, there is no evidence that Snyder was a known drunk and no notice had ever been given to the tavern to that effect.

Plaintiffs cite the case of *Fisher v. Robbins*, 78 Wyo. 50, 319 P.2d 116 (1957) as standing for the proposition that the sale of intoxicants to already intoxicated persons creates liability for the tavern owner. The plaintiffs' interpretation of *Fisher* is misplaced. In *Fisher*, plaintiff was injured when a piece of glass from a bottle broken by one patron over the head of another entered plaintiff's eye, eventually causing plaintiff the loss of the eye. Plaintiff sued two individuals allegedly involved in the altercation and the tavern owner. The trial court directed a verdict for one of the individual defendants and plaintiff voluntarily dismissed the other individual defendant, leaving only the tavern owner as a defendant. The jury found the tavern owner liable and awarded damages. In reviewing the case, the Wyoming Supreme Court held that the evidence was insufficient to justify the verdict. The entire issue was the liability of a tavern owner for the safety of parties on the premises. There was no discussion about the sale of liquor to one who might appear to be already intoxicated. Thus, plaintiffs' reliance on this case is unfounded.

Although some states have created an exception to the common law by finding liability for the sale of liquor to a person who is already intoxicated, the Supreme Court of the State of Wyoming has not done so. It is not the province of this Court to unilaterally make such a decision and, therefore, under the current status of the law, defendants' Motion For Summary Judgment must be granted as a matter of law.

NOW, THEREFORE, IT IS

ORDERED that the Motion For Summary Judgment filed by and on behalf of defendants be and the same is hereby granted and that summary judgment is hereby entered; it is

FURTHER ORDERED that each party is to pay their own costs.