Jeffery D. JACKSON, et al., Plaintiffs-Respondents,

v.

OZAUKEE COUNTY, et al., Defendants-Third Party
Plaintiffs-Respondents,

Thomas PIWONI, Third-Party Defendant,

Marian PIWONI, Third-Party Defendant-Appellant.

Supreme Court

*No. 81–2283. Argued January 5, 1983.—Decided March 29, 1983.*

(Also reported in 331 N.W.2d 338.)

For the appellant there were briefs and oral argument by *James H. Morgan, Morgan Law Office,* Cedarburg.

For the respondents there was a brief by *Larry J. Britton* and *Prosser, Wiedabach & Quale, S.C.,* and oral argument by *Douglas H. Starck,* all of Milwaukee.

HEFFERNAN, J. This appeal arises out of an automobile accident on March 6, 1977, in which the plaintiff, Jeffery D. Jackson, was injured while a passenger in an automobile driven by defendant, Peter J. Piwoni, a minor. The accident occurred when the car driven by Peter collided with an Ozaukee county police vehicle. Peter's driver's license was sponsored by his mother, Marian Piwoni, pursuant to the provisions of sec. 343.15(1) and (2), Stats. (1975).[1]

An action was commenced by Jeffery Jackson on March 5, 1980, against Peter J. Piwoni, the driver of the police vehicle, Ozaukee county, its sheriff, and the insurance companies of the parties. Marian Piwoni was not named as a defendant in the action commenced on March 5, 1980, and no claim has ever been asserted by Jeffery Jackson against her.

On August 26, 1980, Peter Piwoni and his insurer settled with the plaintiffs in accordance with the terms of a *Pierringer*[2]-type release.

---

[1] "343.15 **Application of persons under 18; liability of sponsors; release from liability; notification of juvenile violation.** (1) The application of any person under 18 years of age for a license shall be signed and verified before a person duly authorized to administer oaths, by either of the applicant's parents; or if neither parent has custody, then by the person or guardian having such custody or by the applicant's employer, subject to the exception stated in sub. (4). If the adult sponsor is the applicant's parent, the application may be signed and verified before a traffic officer or before a duly authorized agent of the department in lieu of being signed and verified before a person duly authorized to administer oaths.

"(2) Any negligence or wilful misconduct of a person under the age of 18 years when operating a motor vehicle upon the highways is imputed to the parents where both have custody and either parent signed as sponsor, otherwise, it is imputed to the adult sponsor who signed the application for such person's license. The parents or the adult sponsor is jointly and severally liable with such operator for any damages caused by such negligent or wilful misconduct."

[2] *Pierringer v. Hoger*, 21 Wis. 2d 182, 124 N.W.2d 106 (1963).

On February 9, 1981, the other (nonsettling) defendants, Ozaukee county, its sheriff, its insurer, and the driver of the police vehicle commenced a third-party action against Marian Piwoni, as Peter's sponsor, for contribution in the event these nonsettling defendants were found liable to Jeffery Jackson.

Marian Piwoni moved for summary judgment dismissing her from the case on the ground that the release of Peter and his insurance company also constituted a release of her liability. She stated in her motion that she had never been served in the action prior to February 14, 1981.

Marian Piwoni's motion for summary judgment was denied by the trial court on the precedent of *Swanigan v. State Farm Ins. Co.*, 99 Wis. 2d 179, 299 N.W.2d 234 (1980). The trial court relied on the statement in *Swanigan,* p. 201, that:

"The purpose of the statute [sec. 343.15] to help give financial protection to the injured party is furthered if the injured party's release of the minor is not viewed as a release of the sponsor."

Marian Piwoni's petition for leave to appeal the nonfinal order was allowed by the court of appeals pursuant to sec. 808.03(2)(a), Stats., and was subsequently certified to this court under the provisions of sec. 809.61.

Thus, the question on this appeal is whether the plaintiff's release of a minor defendant by a *Pierringer*-type release precludes a claim for contribution by nonsettling defendants against the sponsor of the minor's driver's license where the plaintiff neither asserted a claim nor commenced an action against the sponsor and the period of limitations within which the plaintiff could have brought an action against the sponsor has expired.

We hold that an action for contribution against the sponsor is precluded under the facts. Accordingly, the

motion of Marian Piwoni for summary judgment dismissing her as a third-party defendant should have been granted. We reverse and remand for the entry of an order by the circuit court dismissing Marian Piwoni as a third-party defendant.

The release is the standard *Pierringer* release. It purports to release only Peter Piwoni and his insurer in consideration of their payment of policy limits to the plaintiff, Jeffery Jackson, and his insurer. The release incorporates the usual *Pierringer* covenants that the plaintiff would satisfy that portion of the liability that would be determined to be the responsibility of the settling defendant. Also, in respect to the plaintiff, the *Pierringer* release allows the action to go forward against the remaining defendants without the hazard that the release of one joint tortfeasor would result in the dismissal of all.[3]

Harrold McComas in *Tort Releases in Wisconsin* capsulizes the *Pierringer* release:

"[T]he agreements utilized to effectuate the proposed settlement and to prevent its being precluded by the nonparticipating defendant provided in essence that the plaintiffs would release all of their causes of action and credit and satisfy all of their damages in any judgments which might ultimately be found to be attributable to all of the settling parties, reserving and maintaining to the plaintiffs only that portion of their causes of action and damages which might ultimately be held to be attributable to the nonsettling party." Pp. 538–39.

Insofar as we are immediately concerned in the present appeal, the salient feature of the *Pierringer* release is that it insulates the settling defendant from any pos-

[3] *See,* McComas, *Tort Releases in Wisconsin,* 1965–66 Marquette Law Rev. (Vol. 49), p. 533, for an enlightening discussion of the history of tort releases in Wisconsin looking to the case of *Pierringer v. Hoger, supra.*

sible liability for contribution, and it protects the non-settling defendant from the possibility of being liable for more than its just share, *i.e.*, more than the obligation imposed as the proportional result of the non-settling defendant's own negligence. These assurances are, of course, opposite sides of the same coin, for, if there is no possibility of a party paying more than its proportionate just share, there can be no possibility of the right to contribution. *See, State Farm Mutual Automobile Ins. Co. v. Schara*, 56 Wis. 2d 262, 266, 201 N.W. 2d 758 (1972).

Thus, under the release in the instant case, the non-settling defendants are assured that they will not be saddled with the fractional proportion of liability occasioned by the negligence of Peter Piwoni and that there can be no occasion for the assertion of a claim for contribution against Peter Piwoni.[4]

There can be no claim for contribution in the present case, because, in accordance with the release, the non-settling defendants cannot be obliged to pay more than their proportionate share. In *Peiffer v. Allstate Ins. Co.*, 51 Wis. 2d 329, 335–36, 187 N.W.2d 182 (1971), we said:

"[S]ince the plaintiff is limited in recovery to the unsatisfied percentage of damages—the percentage attributable to the nonsettling tort-feasor—there is to be no payment sought beyond the nonsettling tort-feasor's share and there is no basis for contribution."

Thus, while it is obvious that the *Pierringer* release protects the minor, Peter Piwoni, from any contribution claims, the question remains: Is the adult sponsor, Mari-

---

[4] There could, of course, be claims for contribution between or among nonsettling defendants, but none of them under the release would be exposed to liability for any of the damages occasioned by Peter Piwoni.

an Piwoni, also protected. If she is, then the trial court erred when it denied her motion for summary judgment dismissing her as a third-party defendant.

We pointed out in *Swanigan, supra,* that the liability of a sponsor under sec. 343.15, Stats., is *sui generis.* The statute provides that the negligence of the minor "is imputed to the adult sponsor who signed the application." Moreover, "the adult sponsor is jointly and severally liable *with* such operator for any damages caused . . . ." (Emphasis supplied.) The statute makes clear, then, that the negligence attributed or imputed to the sponsor is the very negligence of which the minor operator is guilty. But one unit or fraction of negligence can be allocated to the minor and the minor sponsor. The sponsor cannot be guilty of, or chargeable with, any negligent conduct not the conduct of the minor driver.[5] Thus, insofar as contribution is concerned, all of the liability attributable to the minor's negligence is released by the *Pierringer* instrument.

Accordingly, when a *Pierringer* release is executed, the plaintiff has satisfied the liability resulting from that portion of the negligence for which the sponsor is answerable, that attributable to the minor, Peter Piwoni. This means, under the terms of the release, that the nonsettling defendants cannot be liable for more than the liability imposed by their own negligence. There can be no right of contribution against a sponsor under the circumstances here. The plaintiff can only recover from the

---

[5] There is no intimation that the sponsor was negligent in respect to supervision or entrustment. While the respondents—the nonsettling defendants—appear to argue that, as a matter of law, it can be assumed that the sponsor is, under the statute, negligent in those respects, we find no suggestion in the statute that negligence of that type constitutes the theoretical underpinning of the sponsor's liability. Rather, the liability is imposed as a matter of public policy under the police powers. As *Swanigan* held, it is *sui generis.*

nonsettling tortfeasors the balance not settled out—only the share based on the negligence of the nonsettling tortfeasors. There can be no recovery over by the nonsettlors, for they are obliged only to make good the damages which are the result of their own negligence.

Under the reasoning and holdings of *Pierringer* and *Peiffer,* the dismissal of Marian Piwoni is mandated. *Swanigan v. State Farm, supra,* does not dictate a different conclusion.

The issue in *Swanigan* was whether an injured party plaintiff, after releasing a minor by a *Pierringer*-type release, could nevertheless proceed with the action against the sponsor for the collection of the injured plaintiff's own damages when there was no evidence that the plaintiff intended to release the sponsor. In *Swanigan,* the sponsor's insurer was timely made a defendant in the action. We held that the legislature, as a matter of public policy, devised the sponsorship requirement to make it more likely that there would be just compensation for the injured plaintiff party even though the minor could not completely respond in damages. Hence, we concluded that, where the injured party seeks recovery from the sponsor, the release of the minor does not, *ipso facto,* constitute the release of the sponsor—that to allow the injured party to collect a portion of his damages from a minor by settlement and release and then to proceed against the sponsor gives effect to the legislative purpose in enacting the sponsorship law.

In the instant case, it is not the injured party who seeks to hold the sponsor liable. Rather, it is the nonsettling tortfeasors seeking contribution. It was not nonsettling tortfeasors that *Swanigan* concluded were to be favored under the court's interpretation of the legislative intent. Hence, the legislative policy implemented in *Swanigan* finds no place in the instant case.

Moreover, we emphasized in *Swanigan* that we found no evidence of any intent by the plaintiff to release the sponsor. In the instant case, we have evidence that the plaintiff had no intent whatsoever to proceed against the sponsor or to hold her liable. The sponsor was never joined in the action by the plaintiff; and, as the record makes clear, the plaintiff, by reason of the statute of limitations, could not, on the date of the filing of the third-party complaint, have joined Marian Piwoni. This is a contribution case only; and, because the claim against the sponsor is not the plaintiff's, we do not face the situation of *Swanigan,* where to give full effect to the release would have forced the plaintiff to forego a cause of action against a defendant when he did not intend such a result. The joinder here was by the nonsettling tortfeasors for contribution. However, under the statute and the terms of the *Pierringer* release, the "negligence" of the sponsor was in fact negligence of the minor. It was the liability for any such negligence that was discharged. Unjust imposition of liability for that negligence—that of the tortfeasor of the sponsor—was out of the picture by reason of the prior *Pierringer* release. There could be no cause of action for contribution.

*Swanigan* is of importance and is controlling in the situation considered therein—where the injured plaintiff sought recovery against the sponsor and there was no overt intention demonstrated that the sponsor was to be released by the *Pierringer*-type instrument. *Swanigan* emphasizes that the sponsor's liability in respect to an action by the injured plaintiff is governed by the statute and is *sui generis*. It does not purport to govern or mandate a change in the effect of a *Pierringer* release on nonsettling tortfeasors in respect to contribution. Because the nonsettling tortfeasors had no contribution rights, no claim was assertable against the sponsor,

Marian Piwoni. Summary judgment dismissing her as a defendant should have been ordered.

*By the Court.*—Order reversed and cause remanded.