Kay L. FRANZ, Plaintiff-Appellant-Petitioner,

v.

Rick M. BRENNAN, Douglas Brennan, Alice Brennan and Blue Cross & Blue Shield United of Wisconsin, Defendants,

STATE FARM MUTUAL INSURANCE COMPANY, Defendant-Respondent.

Laurie A. OTTO, Plaintiff-Appellant-Petitioner,

Warren OTTO, Plaintiff,

v.

Rick M. BRENNAN, Douglas Brennan and Alice Brennan, Defendants,

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Respondent.

Supreme Court

*No. 87–2427. Argued April 26, 1989.—Decided June 6, 1989.*

1

(Also reported in 440 N.W.2d 562.)

For the plaintiffs-appellants-petitioners there were joint briefs by *Keith G. Ondrasek,* for Kay L. Franz, and *Lutz, Burnett & McDermott,* for Laurie A. Otto, all of Chilton, and oral argument by *Mr. Ondrasek* and *Robert Lutz.*

For the defendant-respondent there was a brief by *Robert L. McCracken, Joan Ravanelli Miller, Thomas B. Rusboldt* and *Nash, Spindler, Dean & Grimstad,* Manitowoc, and oral argument by *Ms. Miller.*

CALLOW, WILLIAM G., J. This is a review of a decision of the court of appeals, *Franz v. Brennan,* 146 Wis. 2d 541, 431 N.W.2d 711 (Ct. App. 1988), affirming in part and reversing in part a judgment of the Manitowoc County Circuit Court, Judge Allan J. Deehr. The judgment ordered the payment of compensatory damages under sec. 343.15, Stats., to the plaintiffs Kay Franz and Laurie Otto for injuries sustained in a car accident caused by defendant Rick Brennan. The judgment also dismissed their claims for punitive damages.

The issue before this court is: Did the circuit court abuse its discretion when it ordered that evidence of the wealth of defendants Douglas and Alice Brennan be excluded and not serve as the basis for punitive damages against the Brennans? We affirm the decision of the court of appeals which held that the circuit court did not abuse its discretion. We hold that such an exclusion was proper given the purpose of sec. 343.15, Stats., and the public policy governing punitive damages.

This action involves a collision which occurred in December 1984 between a car driven by defendant Rick Brennan (Rick) and a car driven by plaintiff Laurie Otto (Otto). Plaintiff Kay Franz (Franz) was one of four passengers in the car Otto was driving. Trial testimony revealed that Rick had been drinking at a party at some-

3

one's home on the evening of the accident. After leaving the party, he spent approximately thirty minutes at another home. He then drove approximately three to five miles at which point he saw the Otto car flash its headlights at him. He pulled over to the side of the road and Otto's car pulled up beside Rick's car. After some conversation, Otto drove away. She had driven a short distance when Rick drove up very quickly behind her car and struck it from the rear. The collision took place in Otto's own lane of traffic. The plaintiff's accident reconstruction expert estimated that Rick's speed was between 84 and 98 miles per hour and that Otto's speed was approximately 60 miles per hour at impact. The defendant's expert witness estimated that Rick had been driving between 71 and 81 miles per hour when the collision occurred. As a result of the collision Otto's car hit a guard rail on the right, crossed the road, entered a ditch, struck an embankment and a telephone junction box and rolled over.

Otto and Franz filed two separate suits against Rick, his parents, Douglas and Alice Brennan, and their insurers in Manitowoc county court. Otto filed her complaint on July 8, 1985. Franz filed her complaint on June 16, 1986. They each sought both compensatory and punitive damages. The two lawsuits were consolidated on August 11, 1986.

On August 19, 1986, Douglas and Alice Brennan filed a motion *in limine* seeking to exclude evidence of their wealth. On December 3, 1986, the Manitowoc County Circuit Court, Judge Allan J. Deehr, issued an order granting this motion. In granting the motion, the court noted that the purpose of punitive damages is to punish a wrongdoer. The court determined that Rick, not his parents, was the wrongdoer, and that evidence of the parents' wealth was irrelevant.

The case was tried in the fall of 1987. The jury returned its verdict on October 8, 1987. The jury found that Rick had acted both negligently and "either maliciously or in wanton, willful or reckless disregard of the rights" of Otto and Franz. In addition to awarding compensatory damages it awarded punitive damages of $1500.00 to each of the plaintiffs.

In response to motions after the verdict, the circuit court on November 4, 1987 changed the jury's answers to the questions about whether Rick's conduct was either malicious or in wanton, willful or reckless disregard to the rights of Otto and Franz and ordered that their claim for punitive damages be dismissed. The court concluded that the evidence was not sufficient to permit an award of punitive damages in this case.

Otto filed a notice of appeal on December 23, 1987. Franz filed a notice of appeal on January 25, 1988. They raised four issues before the court of appeals, two of which are relevant to the issue before this court. The relevant issues are: (1) whether the circuit court erred in finding the evidence insufficient to support an award of punitive damages and (2) whether the circuit court erred in excluding evidence of Douglas and Alice Brennan's wealth.

The court of appeals held that the circuit court erred in its holding that the evidence was insufficient to support an award of punitive damages. *Franz,* 146 Wis. 2d at 547. It reversed that part of the circuit court's judgment which overturned the jury's verdict on this issue. *Id.* It affirmed the circuit court's order excluding evidence of Douglas and Alice Brennan's wealth. *Id.* at 550. It concluded that the exclusion was proper based upon the rule of *McAllister v. Kimberly-Clark Company,* 169 Wis. 473, 173 N.W. 216 (1919), that evidence of the defendants' wealth is inadmissible in a case where there

5

are two or more defendants because of potential prejudice to the poorest defendant. *Id.*

This court granted Otto and Franz's petition for review on November 15, 1988. Although the caption on appeal indicates that State Farm Mutual Insurance Company is the only defendant-respondent, State Farm states that its brief is also filed on behalf of Rick, Douglas and Alice Brennan.

In this case we are required to determine whether the circuit court made a proper determination of the admissibility of evidence. The admissibility of evidence is a matter left to the discretion of the circuit court. *State v. Pharr,* 115 Wis. 2d 334, 342, 340 N.W.2d 498 (1983). We will uphold its decision unless the circuit court abused its discretion. "[A]ll that this court need find to sustain a discretionary act is that the trial court examined the relevant facts, applied a proper standard of law, and, using a demonstrated rational process, reached a conclusion that a reasonable judge could reach." *Loy v. Bunderson,* 107 Wis. 2d 400, 414–15, 320 N.W.2d 175 (1982).

Otto and Franz contend that the circuit court applied an improper standard of law in this case by refusing to allow them to present evidence of Douglas and Alice Brennan's wealth. They argue that sec. 343.15, Stats., mandates that a sponsor's wealth be admissible in an action seeking punitive damages. We disagree.

Section 343.15, Stats., does not mandate the admission of wealth of the sponsoring parents. Section 343.15(2)(b) states:

> [a]ny negligence or wilful misconduct of a person under the age of 18 years when operating a motor vehicle upon the highways is imputed to the parents where both have custody and either parent signed as

sponsor, otherwise, it is imputed to the adult sponsor who signed the application for such person's license. The parents or the adult sponsor is jointly and severally liable with such operator for any damages caused by such negligent or wilful misconduct.

In *Swanigan v. State Farm Insurance Co.,* 99 Wis. 2d 179, 201, 299 N.W.2d 234 (1980), we described the purpose of this statute. "Recognizing that a minor's financial resources will often be insufficient to satisfy fully a claim arising from the minor's negligence, the legislature has, in sec. 343.15, Stats., provided the injured person with a potential source of payment for damages in addition to the minor or persons liable under the common law." *See also Jackson v. Ozaukee County,* 111 Wis. 2d 462, 468, 331 N.W.2d 338 (1983). Thus, the statute acts to make the sponsors of a child driver vicariously liable for the wrongdoing of the child. The purpose is not, as Otto intimates, to punish sponsors for negligence or recklessness on their part in failing to adequately supervise the child's driving. Indeed, in this case there was no evidence the Brennans acted negligently or with malice, willfulness or wantonness in allowing their son to drive. The statute imputes liability for the *child's* wrongdoing to the sponsors, and it is that wrongdoing, not any wrongdoing of the sponsors, to which punitive damages apply in this case.

To hold that a sponsoring parent's wealth is admissible in an action seeking punitive damages under sec. 343.15, Stats., given the purpose of the statute, would violate the public policy permitting the recovery of punitive damages. Punitive damages are awarded in cases in which the wrongdoer shows a wanton, willful, or reckless indifference to or disregard for the rights of others. *Collins v. Eli Lilly Co.,* 116 Wis. 2d 166, 201, 342 N.W.2d 37

(1984). The purpose of punitive damages is to "punish the wrongdoer and to deter him and others from similar wrongdoing." *Fahrenberg v. Tengel,* 96 Wis. 2d 211, 234, 291 N.W.2d 516 (1980). Punitive damages are limited in scope. They are assessed against a *wrongdoer* based upon his or her particular misconduct.

> The concept of punitive damages embodies a rule for individualized punishment of a wrongdoer whose conduct toward the plaintiff is particularly outrageous. Implicit in this concept is the notion that, where punishment is to be exacted, it must be certain that the wrongdoer being punished because of his conduct actually caused the plaintiff's injuries.

*Collins,* 116 Wis. 2d at 202. Punitive damages, then, are generally not recoverable in cases of vicarious liability.

The Arizona Court of Appeals agreed in *Jacobson v. Superior Court,* 154 Ariz. 430, 743 P.2d 410 (Ariz. Ct. App. 1987), in which it resolved an issue very similar to the issue in this case. In *Jacobson,* a minor lost control of his car while driving with three passengers, seriously injuring one of the passengers. The injured passenger sought punitive damages against the driver and against the driver's parents. The claim against the parents was based upon the family purpose doctrine which imputes liability for a child's negligent driving to the owner of the vehicle, a person with control of the vehicle or the head of the family. The injured passenger sought discovery of the parents' tax returns to support his claim. The Arizona Court of Appeals, however, refused to allow discovery of the tax returns stating, "the concept of punitive damages is not easily applied to general principles of agency or vicarious liability. It is intended as a personal penalty for the actual wrongdoer, and its extension to others who were not themselves the actual perpetrators

8

of the conduct should be limited." *Id.* at 412–13. *See also Byrne v. Bordeaux,* 85 N.C. App. 262, 354 S.E.2d 277 (1987).

We agree with the Arizona Court of Appeals that punitive damages are not ordinarily recoverable in cases of vicarious liability. Rick Brennan is the wrongdoer in this case. Punitive damages were properly assessed against him for his actions. The parents must pay these damages under sec. 343.15, Stats. However, punitive damages may not be assessed against Douglas and Alice Brennan for their conduct. They are not wrongdoers for the purpose of punitive damages, being liable for the actions of their son only through imputation. Evidence of their wealth is therefore irrelevant and was properly excluded by the circuit court.

*By the Court.*—The decision of the court of appeals is affirmed.