Jeffrey J. PASKIET, a minor by his Guardian ad Litem, Laurence J. Fehring, Jon G. Paskiet and Barbara Paskiet, Plaintiffs-Appellants,†

v.

QUALITY STATE OIL CO., INC., and Kathleen J. Schumacher, Defendants-Respondents,

WEST AMERICAN INSURANCE COMPANY and Bernard O. Gruenke, d/b/a Lakefront Luxury Apartments, Defendants-Third Party Plaintiffs-Co-Appellants,

v.

SCOTTY SMITH CONSTRUCTION COMPANY, INC., ABC Insurance Company, Richard Linde and Glen Groth, d/b/a Linde-Groth Architecture Partnership, and XYZ Insurance Company, Third Party Defendants.

Court of Appeals

*No. 90–0250. Submitted on briefs August 21, 1990.—Decided September 19, 1990.*

(Also reported in 462 N.W.2d 243.)

---

†Petition to review granted.

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Virginia M. Antoine* and *Laurence J. Fehring* of *Habush, Habush & Davis, S.C.* of Milwaukee.

On behalf of the defendants-respondents, the cause was submitted on the brief of *William R. Wick* of *Nash, Spindler, Dean & Grimstad* of Manitowoc and *James O. Conway* of *Chase, Olsen, Kloet & Gunderson* of Sheboygan.

On behalf of the defendants-third party plaintiffs-co-appellants, the cause was submitted on the briefs of

*Mark J. Mingo* and *James J. Mathie* of *Mingo & Yankala, S.C.* of Milwaukee.
Before Nettesheim, P.J., Brown and Scott, JJ.

BROWN, J.   Jeffrey Paskiet, his parents and others (collectively, Paskiet) appeal from an order dismissing the Paskiets' complaint against Quality State Oil Company and Kathleen Schumacher (collectively, Quality State) for failure to state a claim upon which relief can be granted. On appeal, Paskiet contends that he has a common law tort claim against a vendor of alcohol who allegedly sold to minors who, in turn, gave it to him. We disagree and affirm the order of the circuit court.

The facts as alleged in the complaint were summarized by the circuit court in its memorandum decision: "On October 12, 1984, two minors, Kevin Daniels and Robert Lettre purchased a case of beer from a Quality State mini-mart [where Schumacher clerked] in Sheboygan. Daniels and Lettre furnished some of the beer to a friend, Jeffrey Paskiet. Paskiet drank the beer, became intoxicated and seriously injured himself." Jeffrey and his parents sued Quality State and Schumacher, alleging that Jeffrey sustained personal injuries as a result of consuming the beer. The circuit court dismissed the complaint, concluding that, on the date of Jeffrey's injury, "Wisconsin common law did not provide for recovery against liquor vendors under circumstances where a sale of alcoholic beverages was made to a minor, the minor consumed the alcoholic beverage, became intoxicated and injured himself/herself as a result of intoxication/negligence." Paskiet appeals.

In brief, Paskiet argues that the vendor liability established under *Sorenson v. Jarvis,* 119 Wis. 2d 627, 350 N.W.2d 108 (1984), extends to this scenario by vir-

221

tue of subsequent immunity exceptions carved out by case law. We disagree and hold that Wisconsin did not, at the time of this accident, hold vendors liable when the buyer's consumption was not the cause of the injury.

We begin with a review of the common law in this area. For years, Wisconsin followed the common law rule that "a vendor of intoxicating liquor is not, at common law, answerable to a third person for injury or damage sustained by the latter as a result of the intoxication of the vendee." *Farmers Mut. Auto. Ins. Co. v. Gast,* 17 Wis. 2d 344, 352, 117 N.W.2d 347, 352 (1962), *overruled in Sorenson,* 119 Wis. 2d at 640 n.10, 350 N.W.2d at 115. The rule was originally premised upon the absence of proximate cause. *See Seibel v. Leach,* 233 Wis. 66, 68, 288 N.W. 774, 775 (1939), *overruled in Sorenson,* 119 Wis. 2d at 640 n.10, 350 N.W.2d at 115. However, in *Garcia v. Hargrove,* 46 Wis. 2d 724, 732–33, 176 N.W.2d 566, 570 (1970), *overruled in Sorenson,* 119 Wis. 2d at 648, 350 N.W.2d at 119, the supreme court abandoned the proximate cause premise and announced that "[t]he controlling consideration is one of public policy, and it is the determination of this court that reasons of public policy dictate liability not be extended as proposed by plaintiff."

In *Sorenson,* the supreme court overruled *Garcia,* reevaluated the public policy considerations, 119 Wis. 2d at 648, 641–46, 350 N.W.2d at 119, 115–18, and promulgated an exception to vendor immunity:

> a vendor who negligently supplies intoxicating beverages to a minor and the intoxicants so furnished cause the minor to be intoxicated or cause the minor's driving ability to be impaired shall be liable to third persons in the proportion that the negligence in selling the beverage was a substantial factor in

> causing the accident or injuries as determined under
> the rules of comparative negligence.

*Id.* at 646, 350 N.W.2d at 118 (footnote omitted). In 1985, the supreme court extended the exception to social hosts:

> a social host who negligently serves or furnishes intoxicating beverages to a minor guest, and the intoxicants so furnished cause the minor to be intoxicated or cause the minor's driving ability to be impaired, shall be liable to third persons in the proportion that the negligence in furnishing the beverage to the minor was a substantial factor in causing the accident or injuries, as may be determined under the rules of comparative negligence.

*Koback v. Crook,* 123 Wis. 2d 259, 276–77, 366 N.W.2d 857, 865 (1985). In 1986, the supreme court held that there is no significant distinction between social hosts and "peers and friends of the minor driver." *Harmann v. Hadley,* 128 Wis. 2d 371, 376–77, 382 N.W.2d 673, 675 (1986). In 1989, the supreme court determined that the social host exception applied whether the minor injured another or himself. *Dziewa v. Vossler,* 149 Wis. 2d 74, 78–79, 438 N.W.2d 565, 567 (1989).

Here, in contending error in the trial court's dismissal of the claim, Paskiet urges this court to regard his factual backdrop as falling under the rules elucidated by *Sorenson* and its progeny. We are unconvinced that the rules govern these facts, however, and we decline to extend the policy exception further.

While the case law summarized above allows for a variety of permutations, none of those cases (nor any other Wisconsin case urged upon us by Paskiet) involves an intermediary between the alcohol supplier and the person responsible for the ultimate injury. In all the

above cases, the alcohol supplier (whether vendor, social host or friend) provided the alcohol to the minor who caused the injury (whether to himself or to a third party). Such is not true here, however.

As *Sorenson, Koback, Harmann,* and *Dziewa* show, the supreme court has chosen to carve out exceptions to the common law nonliability rule on a case-by-case basis. We are convinced that the attenuation of the chain of causality present here takes this case beyond the exceptions detailed above. A court will still look to the unusualness, remoteness or unexpectedness of the result in determining whether public policy requires that liability ought to be imposed. *See Koback,* 123 Wis. 2d at 273, 366 N.W.2d at 864. This case, therefore, does not fall within any of the existing exceptions to the nonliability rule. We decline to rule on a public policy matter, as that is more appropriately left to the supreme court. *See Franz v. Brennan,* 146 Wis. 2d 541, 548, 431 N.W.2d 711, 714 (Ct. App. 1988); *aff'd,* 150 Wis. 2d 1, 440 N.W.2d 562 (1989).[1]

We reject, on a similar basis, Paskiet's attendant argument founded upon sec. 125.07(1)(a)1, Stats. (1983–84), which prohibits the vending, among other things, of alcoholic beverages to underaged persons. Paskiet contends that this court "must hold that the violation [of the statute] constitutes negligence *per se* for which Kathleen Schumacher and Quality State are subject to liability." We cannot agree that this court must so hold.

The imposition of liability does not always flow from a finding of negligence and cause-in-fact. *Coffey v.*

[1]For that reason, we decline Paskiet's invitation to look to case law from other jurisdictions.

*City of Milwaukee,* 74 Wis. 2d 526, 540–41, 247 N.W.2d 132, 139 (1976). Policy considerations, such as whether the injury is too remote from the negligence, may prevent the imposition of liability. *See id.* at 541, 247 N.W.2d at 140. As we have said, our supreme court has not seen fit to extend the exception to nonliability as far as the facts of this case would require. Again, such a policy analysis is more properly a task for the supreme court.

*By the Court.*—Order affirmed.